[No. 14643.   Department Two.   September 25, 1918.]

AUSTIN E. MILLER, *Appellant*, v. LUELLA B. MILLER, *Respondent*.[1]

DIVORCE—ALIMONY—ENFORCEMENT—CONTEMPT PROCEEDING —TITLE —PARTIES.   A proceeding to enforce a decree for alimony by means of notice and commitment for contempt in case of default, is not an independent contempt proceeding to be prosecuted in the name of the state, but is properly entitled in the divorce case.

APPEAL—REVIEW—EVIDENCE.   In the absence of the evidence on appeal, it will be assumed that there was ample to sustain an order for the payment of alimony, made on oral testimony.

DIVORCE — ALIMONY — PROPERTY SETTLEMENT — POWER OF COURT. Under Rem. Code, § 988, the court may make an order for alimony for the welfare of the children, even though the parties made a property settlement prior to the divorce.

Appeal from an order of the superior court for Spokane county, Oswald, J., entered October 18, 1917, adjudging the plaintiff to be in contempt of court and ordering the payment of alimony, after a hearing upon a show cause order.   Affirmed.

*J. S. McDonald*, for appellant.

*Charles P. Lund*, for respondent.

MOUNT, J.—This appeal is from an order of the lower court requiring the appellant to pay alimony in a divorce case, and, in default thereof, ordering him to be committed to the county jail until the order is complied with.

It appears that, in the year 1917, the appellant brought an action in the superior court of Spokane county to procure a divorce from the respondent. The respondent appeared in that action and procured an order requiring the appellant to pay into court the sum of $50 for suit money and $15 per month for the

[1]Reported in 175 Pac. 295.

support of a minor daughter. The appellant paid the suit money, and thereafter refused to pay the alimony. Subsequently, on application of the respondent, the court entered an order requiring the appellant to appear and show cause why he should not be punished for contempt for failure to comply with the order to pay alimony. Appellant appeared to that show cause order, a hearing was had upon oral evidence, and the court adjudged the appellant in contempt and ordered him committed to the county jail until the sum of $75 alimony was paid.

The appellant argues that the court was without jurisdiction to enter the order for contempt, because the show cause order did not run in the name of the state of Washington. He also argues, in the same connection, that the court erred in finding him guilty of contempt, because the proceeding was not a contempt proceeding. The points here raised were decided in *Poland v. Poland*, 63 Wash. 597, 116 Pac. 2. In that case we said:

"It has long been the established practice in this state, in seeking the enforcement of alimony decrees, to entitle the proceeding in the original action, and such practice has been recognized in this court in *Holcomb v. Holcomb*, 53 Wash. 611, 102 Pac. 653, and *Metler v. Metler*, 32 Wash. 494, 73 Pac. 535."

In the case of *McGill v. McGill*, 67 Wash. 303, 121 Pac. 469, we said:

"It is urged that the proceeding, being for a contempt, could, under Rem. & Bal. Code, § 1054, be prosecuted only in the name of the state. It is a sufficient answer to say that this is not a proceeding for an independent contempt such as contemplated by the statute. The statutory proceeding is, in its nature, an original criminal proceeding, in which the sole subject of inquiry is the contemptuous conduct charged. The proceeding here arose in the exercise of the in-

herent power of a court of equity to enforce its decrees. It was in aid of the jurisdiction acquired in the original action, which continues so long as there is a minor child whose maintenance was provided for in the decree. The proceeding was, therefore, properly entitled as in the original action to which it is referable for the court's jurisdiction. This is no longer an open question.''

The same was also held in *In re Anderson,* 97 Wash. 683, 167 Pac. 70, and in *Wright v. Suydam,* 79 Wash. 550, 140 Pac. 578.

Appellant next argues that the court erred because there was a showing that he did not have funds and ability to pay the alimony. The order shows that it was made upon oral testimony taken at the hearing. The evidence is not brought here, and we must assume, therefore, that there was ample evidence upon which the judgment was based.

Appellant next argues that, because the parties had agreed to a property settlement prior to the time of the divorce, the order to pay alimony avoided that settlement. Even if there was a settlement of the property interests of the parties prior to the bringing of the action for divorce, the court, under Rem. Code, § 988, had authority to make, and by attachment enforce, orders for the welfare of the children.

We find no error in the record.

The judgment is therefore affirmed.

MAIN, C. J., CHADWICK, HOLCOMB, and MACKINTOSH, JJ., concur.