[No. 22681. Department One. April 16, 1931.]

ABIGAIL BOUDWIN, *Respondent*, v. CHARLES B. BOUDWIN, *Appellant*.[1]

*Allen & Walthew,* for appellant.

PARKER, J.—This is an appeal by the defendant, Charles B. Boudwin, from an order of the superior court for King county rendered against him in a contempt proceeding prosecuted by the plaintiff, Abigail Boudwin, in that court, looking to compelling him to pay to her alimony installments.

[1]Reported in 298 Pac. 337.

On May 9, 1919, there was rendered by the superior court for King county, in this action, a decree awarding to the plaintiff against the defendant a divorce, which decree embodied the following alimony award:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff Abigail Boudwin be, and she is hereby awarded a judgment against the defendant Charles B. Boudwin in the sum of One Hundred and Fifty ($150) Dollars per month, until the further order of the court, payable on the 10th day of each and every month, beginning on the 10th day of June, 1919, Fifty Dollars ($50) of which is to be paid for the support of the plaintiff and One Hundred Dollars ($100) of which is for the support, use and benefit of the said children, all of which is to be paid to the said plaintiff."

On November 12, 1929, upon application of the plaintiff filed in the original divorce action, the superior court issued its show cause order, citing the defendant to appear and answer as for contempt for his failure to pay accumulated unpaid installments of the alimony award. The purpose of the application manifestly was to coerce payment of the past due installments, rather than to have the defendant punished as for criminal contempt. In pursuance of the show cause order several continuances and hearings were had, which, on March 21, 1930, resulted in an order being entered by the court which, so far as need be here noticed, reads as follows:

"IT IS HEREBY ORDERED that defendant be and he hereby is adjudged to be in contempt of court and

"IT IS FURTHER ORDERED that no warrant of commitment of the defendant issue at this time and until the further order of this court, provided and so long as the defendant pays into the registry of this court for the benefit of plaintiff on Monday of each week, beginning on the 23rd day of December, 1929, the sum of $15 per week to apply on the payments provided in said decree, . . ."

It is from this order that this appeal is prosecuted.

It is contended in behalf of defendant that the original award of alimony amounts to nothing more than an ordinary money judgment against him, payable in installments, and, therefore, is not enforceable by coercive contempt proceedings against him; but is enforceable only by civil process as an ordinary money judgment. It is true that the original alimony award does not, in terms, affirmatively direct the defendant to pay the installments; but it seems to us that that is what the alimony award means. In *In re Cave*, 26 Wash. 213, 66 Pac. 425, 90 Am. St. 736, there was drawn in question an award made by the superior court in a divorce decree "that the plaintiff, Mary M. Cave, have judgment against the defendant, George B. Cave, for twenty dollars per month alimony." It was in that case held that payment of such award could be enforced by coercive contempt proceedings, though there was no specific affirmative direction that Cave should pay the award to Mrs. Cave, or into court for her benefit. It is true that in that decree the award was "twenty dollars per month alimony," while in this decree the award is "one hundred and fifty dollars per month;" but, plainly, we think this award was, by its manifest purpose, an alimony award. In the text of 1 R. C. L. 864, we read:

"Alimony, which signifies literally nourishment or sustenance, is the allowance which a husband may be compelled to pay to his wife for her maintenance when she is living apart from him, or has been divorced. Like the alimentum of the civil law, from which the word was evidently derived, it has for its sole object the provision of food, clothing, habitation, and other necessaries for the support of the wife. Consequently every provision in a judgment of divorce or separation, made solely for this purpose, is to be regarded as alimony whether expressly designated as such or not, . . ."

Counsel for the defendant cite and place some reliance upon our decision in *In re Van Alstine,* 21 Wash. 194, 57 Pac. 348, wherein it was sought to enforce a money award rendered in favor of one of the parties against the other in an annulment of a marriage decree, which decree was rendered upon the ground of fraud in the procuring of the marriage, the marriage being decreed null and void. It was held that such a money judgment could not be enforced through contempt proceedings, it being an ordinary civil money judgment enforceable as such, there being no support obligation resting upon one of the parties as against the other following the annulment decree, as there may be following a divorce decree dissolving a marriage not subject to annulment. That decision, we think, is of no controlling force in our present inquiry.

Some further contention is made upon the merits, that is, that the court was not warranted in concluding that the defendant was able to make payments to the extent of fifteen dollars weekly, as ordered. We have no statement of facts here, so we must presume that the trial judge was warranted in so concluding and ordering. It seems clear to us that the record here does not call for any interference with the order appealed from.

The paragraph of the order appealed from, which reads: "It is hereby ordered that defendant be and he hereby is adjudged to be in contempt," we think, cannot be regarded as a criminal contempt final judgment. No final judgment for punishment is rendered upon that paragraph, which would be necessary to constitute a criminal contempt final adjudication. The defendant would have the right of appeal after the rendering of such final judgment fixing his punishment.

Viewing this order as merely a coercive contempt order, as we must upon this appeal, we conclude that it must be affirmed. It is so ordered.

TOLMAN, C. J., MAIN, MITCHELL, and HOLCOMB, JJ., concur.