[No. 34939. *En Banc.* January 14, 1960.]

SARAH KATHLEEN McFERRAN, *Respondent,* v. EDWARD M. McFERRAN, *Appellant.*[1]

[1]Reported in 348 P. (2d) 222.

*P. R. McIntosh* and *Wm. S. Lewis,* for appellant.

*Jonson & Jonson,* for respondent.

WEAVER, C. J.—August 6, 1956, the superior court granted a divorce to both parties. Among other things, it awarded to the wife (a) the care, custody, and control of the parties' minor son, with visitation rights to the husband; (b) the sum of $100 per month for the support of their minor son; and (c) the house and furnishings located at 12018 Linden Avenue, Seattle, Washington.

The wife had several children by a previous marriage. Prior to the divorce trial, she and the minor children—including the minor son of the parties—moved from a residence on Beach Drive N.E., Seattle, owned by the parties, to the Linden Avenue property. The decree awarded the Beach Drive residence to the husband.

Subsequently, a fire occurred that substantially damaged the Linden Avenue house and destroyed most of the furni-

ture. The wife and minor children continued to reside in the basement of the Linden Avenue home.

The decree awarded the husband

"Moneys due and owing under the terms of that certain fire insurance policy issued by the General Insurance Company of America . . . insuring the dwelling house situated on the real property commonly known as 12018 Linden Avenue, Seattle, Washington . . ."

In addition, the decree ordered the husband to furnish materials, fixtures, and floor coverings, and to perform labor necessary to repair the fire-and-smoke damage to the Linden Avenue house, thus "placing said property in a habitable condition."

*Neither party appealed from the decree of divorce.*

A year and a half later, the wife requested and the court issued an order to show cause (a) why the husband should not be adjudged in contempt of court for his failure to comply with the provisions of the divorce decree, as we have outlined them; and (b) why a money judgment should not be entered against him for the cost of the repairs.

Upon trial of the issues raised, the trial court found

"II. That the defendant stipulated in open Court that he has not repaired the house, the electrical appliances or replaced the rugs as ordered by the Court, and that he has not complied with the order of the Court.

"III. That the defendant stipulated in open Court *that he was at all times and now is financially able to comply with the order of the Court* entered on August 6th, 1956." (Italics ours.)

The trial court also found that the husband had no valid excuse for disobeying the order of the court, and that the wife had suffered a loss and injury in the sum of $7,703.61, by reason of the husband's disobedience of the divorce decree. This sum included the cost of repairs to the house, replacement of fixtures and floor coverings, loss of use of the premises, and attorneys' fees and costs.

June 6, 1958, the court entered judgment which (a) adjudged the husband in contempt of court and ordered that he appear before the court on July 28, 1958, for imposition

of sentence; (b) awarded the wife judgment against the husband in the sum of $7,070,21; and (c) ordered the husband to pay into the registry of the court, before July 28, 1958, the sum of $7,070.21 for the benefit of the wife and $633.40 to the wife's attorneys for fees and costs.

Between June 6 and July 28, 1958, the husband neither paid the judgment nor repaired the house. On that date, the superior court entered a "Sentence for Contempt," which provided:

". . . it is hereby

"ORDERED, ADJUDGED AND DECREED that the said defendant, Edward M. McFerran, be punished for said wilful contempt by confinement in the County Jail of the County of King, State of Washington, for the term of six (6) months, and the defendant, Edward M. McFerran, is hereby remanded to the custody of the Sheriff of said County to be by him placed in the County Jail of said County and there safely kept in confinement for said period of six (6) months, or until said Edward M. McFerran purges himself of contempt of which the Court has heretofore found him guilty by paying into the Registry of this Court the sum of Seven Thousand Seven Hundred Three and 61/100ths Dollars, ($7,703.61), together with interest at the rate of six (6%) per cent per annum from the 6th day of June, 1958 to date of payment, and costs and upon the payment of said sum and costs into the registry of the Court the said defendant shall be released from the County Jail, and it is further

"ORDERED that upon the defendant filing formal Notice of Appeal, the defendant may be released from the County Jail upon posting a bond in the sum of Seven Thousand Eight Hundred ($7,800.00) Dollars. Warrant to be issued by the Clerk on August 4, 1958."

August 2, 1958—two days before the warrant of arrest was to issue—the husband deposited $7,800.00 with the clerk of the superior court.

The husband appeals from the judgments of June 6 and July 28, 1958.

The husband's five assignments of error fall into two categories: (1) the trial court had no jurisdiction, in contempt proceedings, to enforce the provisions in the divorce decree because such action constituted imprisonment for debt, in violation of Art. I, § 17, of the Washington state constitution,

and placed the husband in a condition of involuntary servitude—contrary to the thirteenth amendment of the United States constitution; and (2) the trial court erroneously undertook to redetermine repair costs previously adjudicated in the divorce action.

 A review of the record leads to the inescapable conclusion that the trial court's direction—that the husband repair the damaged house—was for the purpose of furnishing a habitable home for the wife and minor children. This provision of the decree bears a reasonable relationship to the husband's duty to support his wife and children. It falls within our definition of alimony, which " 'has for its sole object the provision of food, clothing, habitation, and other necessaries for the support of the wife.' " *Boudwin v. Boudwin*, 162 Wash. 142, 298 Pac. 337 (1931).

 "It has been clear in this state for over fifty years that arrearages in alimony and support payments do not constitute a debt within the meaning of the constitutional prohibition. (Art. 1, § 17)" *Decker v. Decker*, 52 Wn. (2d) 456, 458, 326 P. (2d) 332 (1958), and cases cited.

 A judgment, order, or decree for alimony may be enforced by contempt proceedings. *Keller v. Keller*, 52 Wn. (2d) 84, 323 P. (2d) 231 (1958); *Davis v. Davis*, 15 Wn. (2d) 297, 130 P. (2d) 355 (1942); *Miller v. Miller*, 103 Wash. 569, 175 Pac. 295 (1918). As we pointed out in *Keller v. Keller, supra*, "Appellant carried the key to his freedom. He chose to throw it away." (p. 90)

 The trial court, in the contempt proceedings, has transformed into a money judgment that portion of the divorce decree that requires that a specific act be done; hence, the question of involuntary servitude has become moot and we do not discuss it.

We find no merit in appellant's first two assignments of error.

RCW 7.20.100 provides:

"If any loss or injury to a party in an action, suit or proceeding prejudicial to his rights therein, have been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, may give

judgment that the party aggrieved recover of the defendant a sum of money sufficient to indemnify him, and to satisfy his costs and disbursements, which judgment, and the acceptance of the amount thereof, is a bar to any action, suit or proceeding by the aggrieved party for such loss or injury."

In the divorce action, the court found the cost of repairing the Linden Avenue house was "approximately $4,500.00." In the contempt action, the court found the reasonable cost of repairing the house was $5,184.21; the cost of repairing damage to the refrigerator and electric stove was $50.00; the reasonable cost of replacing floor coverings was $736.00; and "that the plaintiff (wife) is entitled to loss of use at the rate of $50.00 each month, which is the reasonable rental value of the burned premises, for a period of twenty-two months."

The trial court's use of the word "approximately," in the divorce action, refutes the husband's contention that the amount was intended to be a conclusive determination of the cost of repair. Rather, the purpose of the trial court was to place an approximate value on these items to assist the appellate court in case there would be an appeal on the ground that the distribution of property was inequitable or unjust.

RCW 7.20.100, quoted *supra*, is statutory authority for the judgment which, we find, is supported by substantial evidence.

Finally, respondent wife's counsel contends that, in the event of an affirmance, this case should be remanded to the trial court for the purpose of allowing her costs and attorneys' fees for the defense of this appeal. We find no merit in this contention. See *Glo-Klen Co. v. Far West Chemical Products,* 53 Wn. (2d) 9, 330 P. (2d) 180 (1958); *State ex rel. Lemon v. Coffin,* 52 Wn. (2d) 894, 327 P. (2d) 741, 332 P. (2d) 1096 (1958).

The judgments from which this appeal is prosecuted are affirmed.

ALL CONCUR.