[No. 3617–II. Division Two. July 18, 1980.]

*In the Matter of the Marriage of* LEO D. YOUNG,
*Appellant, and* JUNE ANN YOUNG,
*Respondent.*

*Daryl G. Rank,* for appellant.

*Michael J. Turner,* for respondent.

PEARSON, J.—Leo Young challenges the trial court's order finding him to be in contempt of court for failure to make payments required under a dissolution property division. We reverse the finding of contempt.

Leo and June Young were married in 1951; their marriage was dissolved in May 1975. As part of the property division, the trial court awarded Ms. Young $48,594.23 as "settlement in lieu of any interest" in her husband's military pension, such sum to be paid her at a rate of $250 per

month. The trial court also ordered Mr. Young to maintain an insurance policy on his life in the amount of $45,000 as security for the debt. No maintenance was awarded.

In July of 1976, Ms. Young initiated contempt of court proceedings against her former husband on the grounds that he had consistently refused to pay her the $250 per month. The court ordered him to pay the sums in arrears, but declined to find him in contempt because he had cooperated to the extent of maintaining the required life insurance.

Ms. Young initiated a second contempt action in April 1978. According to the affidavit filed in support of the contempt motion, Mr. Young had paid nothing since the first contempt hearing and was $7,576 in arrears. In addition, it was alleged that he had permitted the insurance policy to lapse. The trial court found Mr. Young in contempt and ordered that he be incarcerated in the Pierce County jail until further notice. The court further ruled that he could have the contempt finding purged by making an application for an allotment of $500 per month from his military pension to allow him to pay the amount in arrears and to fulfill the original $250 per month obligation. Mr. Young appeals.

As his first assignment of error, he argues that the trial court's order violates article 1, section 17 of the Washington State Constitution, which states: "There shall be no imprisonment for debt, except in cases of absconding debtors."

It is true that early Washington cases, although permitting the use of contempt of court procedures to enforce alimony, child support and child custody orders, absolutely barred their use to enforce property divisions, *e.g., State ex rel. Lang v. Superior Court,* 176 Wash. 472, 30 P.2d 237 (1934); *State ex rel. Ridenour v. Superior Court,* 174 Wash. 152, 24 P.2d 418 (1933). *See also Robinson v. Robinson,* 37 Wn.2d 511, 225 P.2d 411 (1950). In the landmark case of *Decker v. Decker,* 52 Wn.2d 456, 326 P.2d 332 (1958), however, our state Supreme Court retreated from its earlier position and declared that contempt of court can be used to

enforce a provision of a property division so long as the provision has a reasonable relationship to the duty to support one's wife or children.[1] *See also McFerran v. McFerran,* 55 Wn.2d 471, 348 P.2d 222 (1960); *Brantley v. Brantley,* 54 Wn.2d 717, 344 P.2d 731 (1959). The Washington rule was commended by Professor Clark in his treatise on domestic relations for recognizing the interrelationship between property divisions and alimony orders. H. Clark, *Domestic Relations in the United States* § 14.10, at 467 (1968).

We have continued to be sensitive to the realities facing a trial court in attempting to fairly divide a couple's assets while seeking to insure that each party will be provided with adequate means of support. A trial court, both by statute and by case law, is permitted to consider the amount of maintenance it intends to grant when dividing the property. RCW 26.09.080; *In re Marriage of Rink,* 18 Wn. App. 549, 571 P.2d 210 (1977). *See also In re Marriage of Hadley,* 88 Wn.2d 649, 565 P.2d 790 (1977). It would be inequitable to allot to a spouse property necessary for his or her support and then prevent him or her from effectively enforcing the property division to obtain such property.

On the other hand, as discussed earlier, only those provisions of a property division which are reasonably related to a support obligation may be enforced by contempt proceedings. Neither the findings of fact and conclusions of law, nor the original divorce decree supports a conclusion that the monthly installments were in any way related to a support obligation in this case. On the contrary, these documents evidence a clear intention that Ms. Young was awarded a lump sum "judgment" based upon a mathematical percentage (community interest) in an actuarially valued asset, namely, Mr. Young's pension. According to the findings of fact, the present value of the pension was

---

[1]Since 1973 either spouse may be charged with an obligation to support a dependent or otherwise deserving partner. RCW 26.09.090.

$133,134.87 "of which the sum of $97,188.46 is a community asset." The trial court also found that

> [Ms. Young] should also be awarded the sum of $48,594.23 as a property settlement in lieu of any interest in [Mr. Young's] pension . . . Said sum shall be paid . . . at the rate of $250.00 per month until the full amount has been paid in full.

In addition, the decree ordered Mr. Young to maintain $45,000 insurance until he reached age 55, and $20,000 thereafter, with Ms. Young as the named beneficiary, to insure payment of her judgment. In the face of this clear and unambiguous expression of the dissolution court's intent, we cannot now, even in the face of Mr. Young's blatant refusal to pay the judgment, recharacterize the award as support rather than property settlement. *Kinne v. Kinne,* 82 Wn.2d 360, 510 P.2d 814 (1973). Accordingly, we must vacate the judgment of contempt as well as the attorney's fee awarded in connection with that judgment.

In another argument, Mr. Young contends that the trial court's order that the contempt finding would be purged upon his making an application for a $500 per month allotment amounted to an attempt to modify the property settlement retroactively. Although we disagree with the argument presented by Mr. Young, we note that this particular remedy is not available, given the nature of the original judgment. Furthermore, a monthly allotment from Mr. Young's military pension as a means of enforcing any contempt order is suspect in view of the recent case of *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802 (1979).[2] In any event, the portion of the judgment requiring the allotment must be vacated since defendant is not in contempt.

---

[2]Courts have split on the question of whether the reasoning of *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802 (1979), which held that a federal railroad pension was not subject to division as community property, controls in military pension cases. *Compare Czarnecki v. Czarnecki,* 123 Ariz. 466, 600 P.2d 1098 (1979) *and Henn v. Henn,* 26 Cal. 3d 323, 605 P.2d 10, 161 Cal. Rptr. 502 (1980), *with Cose v. Cose,* 592 P.2d 1230 (Alaska 1979).

Therefore all parts of the trial court's judgment entered on July 20, 1978, are vacated except for the following portion which shall remain in full force and effect:

ORDERED, ADJUDGED AND DECREED that the principal amount of the arrearage shall be reduced to judgment in the sum of $8,076.80 plus interest thereon in the sum of $646.14, for a total judgment of $8,722.94 as and for property settlement . . .[3]

Reversed and remanded.

REED, C.J., concurs.

PETRICH, J. (dissenting)—I respectfully dissent from the conclusion of the majority. In *Decker v. Decker,* 52 Wn.2d 456, 326 P.2d 332 (1958), the Supreme Court abolished the strict distinction between support awards and property settlements in dissolution actions for purposes of enforcing the provisions of the dissolution decree by contempt proceedings. In so doing, the Supreme Court recognized the strong public interest of the State in dissolution proceedings and its need to protect the interests of the public in such matters as well as to protect the welfare of the parties. *Decker v. Decker, supra* at 464. In *Decker* the court concluded that contempt proceedings are a proper remedy to enforce the dissolution court's order, irrespective of whether the court labels the award one of property or support, *unless* the defaulting party demonstrates (1) that he does not have the means to comply with the order or (2) that the provision sought to be enforced has no reasonable relation to his duty to support his spouse and/or children. *Decker v. Decker, supra* at 465. *Accord, McFerran v. McFerran,* 55 Wn.2d 471, 348 P.2d 222 (1960); *Brantley v. Brantley,* 54 Wn.2d 717, 344 P.2d 731 (1959).

As applied to the present case, the *Decker* rule allows Ms. Young to enforce the court's order that Mr. Young pay

---

[3]Mr. Young's contention that the two judgments finding him in arrears amount to "double liability" was not supported by authority and is deemed waived. *Ban–Co Inv. Co. v. Loveless,* 22 Wn. App. 122, 587 P.2d 567 (1978).

her $250 per month out of his military pension by contempt proceedings, irrespective of the fact that the dissolution court clearly labled such payments a "property settlement," unless Mr. Young is able to show that the award has no reasonable relation to his duty to support his former wife. I would hold as a matter of law, from a review of the record before this court, that Mr. Young is unable to carry this burden and demonstrate that the award has no relation to Ms. Young's support.

In determining whether an award is reasonably related to the support of a spouse, we must look beyond the label placed on it by the dissolution court to the substance and purpose of the provision. *Brantley v. Brantley, supra* at 721. *See also In re Marriage of Hadley,* 88 Wn.2d 649, 658, 565 P.2d 790 (1977); *In re Marriage of Rink,* 18 Wn. App. 549, 571 P.2d 210 (1977) (holding that the use of the terms "support" and "property division" are not controlling in determining whether or not an award in a dissolution action is just and equitable). In the present case it should first be noted that this was a marriage of long duration and that the parties were middle–aged at the time of the dissolution. In response to Mr. Young's petition for dissolution of the marriage, Ms. Young sought maintenance for her support and a fair and equitable division of all the community property, including the military pension. The court, however, did not award actual maintenance to Ms. Young but made a division of the community property that was roughly equal. In its findings of fact the court noted that both spouses were employed and each had take–home pay of approximately $400 per month. The record also discloses that Mr. Young's military pension provided an additional net income of $425 per month.

In view of the low monthly income of each party, the court's action in awarding Ms. Young a portion of the pension, payable at the rate of $250 per month, was certainly motivated by a desire to equalize the monthly income of each spouse so that both would have a minimum level of

support. As such, a review of the record leads to the "inescapable conclusion" that the award was *reasonably related* to Ms. Young's support and, therefore, that it may be enforced by contempt proceedings. *McFerran v. McFerran, supra* at 475. *See also Boudwin v. Boudwin,* 162 Wash. 142, 298 P. 337 (1931) (defining spousal support as funds whose sole object is to provide food, clothing, shelter and other necessities incident to support).

In its opinion, the majority seems to conclude that for this court to affirm the contempt finding would require a judicial recharacterization of the pension award as support. It cites *Kinne v. Kinne,* 82 Wn.2d 360, 510 P.2d 814 (1973), which held that property settlements are not subject to judicial modification in face of the clear agreement of the parties incorporated in the dissolution decree that the award of property be final. The questions of modification and recharacterization, however, are not at issue in the present action. For the rule of *Decker* to apply, the award need not be formally characterized as support; it need only be reasonably related to the support of the spouse seeking to enforce the award. *Decker v. Decker, supra* at 465.

For the reasons discussed herein, I would affirm the order of the trial court holding Mr. Young in contempt of court.

Reconsideration denied December 26, 1980.