[No. 4578-1-III. Division Three. December 14, 1982.]

*In the Matter of the Marriage of* MARILYN M. BARRETT, *Respondent, and* STANLEY A. BARRETT, *Appellant.*

*Harold J. Triesch* and *Turner, Stoeve, Gagliardi & Goss,* for appellant.

*Patrick Downey,* for respondent.

GREEN, J.—Stanley A. Barrett appeals from a decree of dissolution. It is contended the court erred by (1) changing an oral ruling ordering the family home be sold to pay creditors; and (2) awarding Mrs. Barrett a portion of the military pension based on the parties' stipulation.

The Barretts had been married over 25 years. Mr. Barrett is retired from the United States Air Force and receives a military pension. Mrs. Barrett petitioned for dissolution. On March 23, 1981, after a trial, the court orally ruled that the family home, valued at $41,900, be sold and the proceeds used to pay community debts; and Mrs. Barrett be awarded 37.5 percent of Mr. Barrett's military pension.

Mrs. Barrett moved for reconsideration. Prior to hearing that motion, three appraisals on the family home were filed by Mrs. Barrett's attorney. On April 8, after argument on the motion, the court reversed itself and orally ruled the family home not be sold, but instead be awarded to Mrs. Barrett subject to an equitable lien of $12,500 in favor of Mr. Barrett. The court observed the initial valuation was probably unrealistic and that a more realistic figure was $32,000. On April 29 Mr. Barrett filed an appraisal supporting the earlier value of $41,900. On the same day, the

court entered findings of fact, conclusions of law and a decree of dissolution. Mr. Barrett appeals.

■ First, Mr. Barrett contends the court erred as a matter of law in changing its initial oral ruling that the property be sold, debts paid, and the balance divided. We disagree. An oral decision is not a judgment. Until a formal order is entered, the court can freely change its mind. *Fosbre v. State,* 70 Wn.2d 578, 584, 424 P.2d 901 (1967); *Seidler v. Hansen,* 14 Wn. App. 915, 547 P.2d 917 (1976). During the hearing on the motion, the court heard argument by Mrs. Barrett's counsel concerning the poor condition of and the difficulty of finding a ready buyer for the home. The court analyzed its authority to order the sale. It concluded that while the court has practically unlimited power over property in a dissolution action, it did not have the power to compel a sale for benefit of creditors. *Arneson v. Arneson,* 38 Wn.2d 99, 101–02, 227 P.2d 1016 (1951); RCW 26.09. Moreover, in view of the economic circumstances of the parties, there was no abuse of discretion in awarding the home to Mrs. Barrett. She was awarded custody of the minor child. RCW 26.09.080(4). We find no error.

Also, Mr. Barrett suggests the court should not have considered the appraisals of the house submitted by Mrs. Barrett at the hearing of the motion to reconsider. Again, this claim is only argued under the error assigned to the trial court's oral ruling. No error has been assigned to any finding of fact or conclusion of law. Furthermore, none of the findings or conclusions place a value on the home. The offered appraisals were considered only with respect to salability.

Finally, Mr. Barrett, relying on *McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981), contends the military pension is not subject to division in a dissolution action. Before trial, he filed a proposed property division offering Mrs. Barrett 37.5 percent of his Air Force retirement. This offer was renewed in his testimony. Mrs. Barrett accepted the offer and the court made the award in

a decree entered prior to the decision in *McCarty*. Mr. Barrett now argues the enforcement of his agreement, as reflected in the decree, would be unjust in light of *McCarty*.

*McCarty* held that, community property laws notwithstanding, a state court is precluded by federal statute from dividing a military pension between the parties in a dissolution proceeding. The question presented here is whether an agreement between the parties for division of a military pension in a dissolution proceeding is enforceable.

■ Under 37 U.S.C. § 701(a), a commissioned officer may transfer or assign his pay account only when it becomes due and payable, and under subsection (c) an enlisted man may not assign his pay. Violation of this statute renders the assignment void. Further, 38 U.S.C. § 3101[1] provides:

> Nonassignability and exempt status of benefits
> (a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

These statutes prohibit the assignment of anticipated payments of military pension benefits. *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802 (1979); *McCarty v. McCarty, supra* at 228 n.22. Here, the agreement in substance assigned a portion of Mr. Barrett's anticipated retirement benefits to Mrs. Barrett. This is prohibited by federal law. Consequently, we are constrained

---

[1]Cases involving insurance policies decided in light of 38 U.S.C. § 3101(a) hold that a property settlement agreement involving a change of beneficiary, incorporated in a divorce decree, is an assignment of the proceeds and, therefore, violates the statute. *Hoffman v. United States*, 391 F.2d 195 (9th Cir. 1968); *Fleming v. Smith*, 69 Wn.2d 277, 284, 418 P.2d 147 (1966); *see also Kimball v. United States*, 304 F.2d 864 (6th Cir. 1962); *Kaske v. Rothert*, 133 F. Supp. 427 (S.D. Cal. 1955); *Kauffman v. Kauffman*, 93 Cal. App. 2d 808, 210 P.2d 29 (1949); *Williams v. Williams*, 255 N.C. 315, 121 S.E.2d 536 (1961).

to hold that an agreement between the parties in a dissolution proceeding and adopted in the decree to divide a military pension is unenforceable. *Hisquierdo v. Hisquierdo, supra; McCarty v. McCarty, supra; Ridgway v. Ridgway,* 454 U.S. 46, 70 L. Ed. 2d 39, 102 S. Ct. 49 (1981). However, military pensions may be considered as an economic circumstance in the division of the other property owned by the parties. *In re Marriage of Dessauer,* 97 Wn.2d 831, 839, 650 P.2d 1099 (1982).

Therefore, since the decree in this case divides Mr. Barrett's military retirement benefits, the property distribution portion of the decree must be reversed and remanded for reconsideration in light of *Dessauer.*

Reversed and remanded.

McINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied January 10, 1983.