[No. 4527–7–III.   Division Three.   December 21, 1982.]

In the Matter of the Marriage of PATRICIA SUSAN
HANSON, *Respondent, and* DON ROBERT
HANSON, *Appellant.*

*Don Robert Hanson,* pro se.

*Robert T. Carter, Grant L. Kimer,* and *Randall & Dan-skin,* for respondent.

PER CURIAM.—Major Don Hanson, U.S.A.F., appeals a Superior Court determination that his military retirement pay was divisible under our community property laws.

■ Don and Patricia Hanson were married on June 26, 1965. A dissolution decree was entered on April 14, 1980. The trial court characterized Major Hanson's interest in his military pension as community property and awarded Mrs. Hanson a fractional share of that pension. Major Hanson filed a notice of appeal on April 30, 1981. On June 26, 1981, the United States Supreme Court decided *McCarty v.*

*McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981), which held federal law precluded state courts from dividing military retirement pay in property settlements under their own community property laws.[1] Recently, our Supreme Court decided *In re Marriage of Dessauer,* 97 Wn.2d 831, 650 P.2d 1099 (1982), which held at page 839:

a court may consider military nondisability retired pay as an economic circumstance of the parties when dividing property. However, the court must not characterize the retirement income as community property or divide it. Neither may it value the pension and offset property against that value.

The decree contains a characterization and division of Major Hanson's military pension. Thus, we must remand the property division portion of the decree to the trial court to reconsider the division of property in light of the *Dessauer* decision and existing federal and state laws.

The judgment of the Superior Court is reversed; the case is remanded for proceedings consistent with this opinion.

Reconsideration denied February 24, 1983.

Review denied by Supreme Court April 18, 1983.

---

[1]The effect of the *McCarty* decision was neutralized by federal legislation enacted in September 1982. 10 U.S.C. § 1408.