[No. 4795–4–III.   Division Three.   March 24, 1983.]

*In the Matter of the Marriage of* KATHRYN H. BRODHEAD, *Appellant, and* ANDREW D. BRODHEAD, *Respondent.*

*Mark E. Vovos* and *Vovos, Voermans & Ganz,* for appellant.

*William E. Cullen* and *Cullen & Campbell,* for respondent.

GREEN, J.—On May 22, 1975, Kathryn Brodhead filed a petition for dissolution of her marriage to Andrew Brodhead. The decree of dissolution, entered in August of that year, approved a property settlement agreement which, in part, provided that Mrs. Brodhead receive 32.8 percent of Mr. Brodhead's military retired pay. No appeal was taken from that decree.

This appeal by Mrs. Brodhead is from a September 29, 1981, order deleting from the property settlement and the original decree the provision that Mrs. Brodhead receive a percentage of the military benefits. The court struck this provision on the basis that *McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981), which held federal law precludes state courts from dividing military retired pay, applies retroactively.

The question presented is whether the court erred in giving retroactive application to *McCarty. In re Marriage of Brown,* 98 Wn.2d 46, 653 P.2d 602 (1982), decided during the pendency of this appeal, states that *McCarty* does not apply retroactively to decrees of dissolution which were final prior to the date *McCarty* was decided.

Notwithstanding, Mr. Brodhead contends *McCarty* should be applied here to preclude enforcement of amounts accruing *after* the decision. We disagree. *Brown* consolidated two appeals from dismissals of petitions to modify final decrees of dissolution. Based on *McCarty,* the appellants in that case sought all of their military retired pay either from the date of dissolution or subsequent to the date *McCarty* was decided. The court affirmed the dismissals, holding there was jurisdiction to divide military retired pay prior to *McCarty.* The decrees, which were not appealed, were therefore held to be final. Based on *Brown,*

Mr. Brodhead's contention must therefore be rejected.

The facts in this case are virtually identical to those in *Brown*. Since *McCarty* did not retroactively divest courts of jurisdiction to divide military retired pay, courts have jurisdiction to enforce decrees of dissolution which were final before *McCarty* was decided.

The order amending the original decree of dissolution is reversed; this case is remanded for a determination of Mrs. Brodhead's entitlement to attorney's fees and the amount of fees incurred on appeal.[1]

ROE, C.J., and MCINTURFF, J., concur.

---

[1]We note that among the various motions filed that culminated in the court's order of deletion is a motion for contempt. We observe, without deciding, that contempt proceedings may not be an appropriate remedy here. *See Decker v. Decker*, 52 Wn.2d 456, 465, 326 P.2d 332 (1958); *In re Marriage of Young*, 26 Wn. App. 843, 615 P.2d 508 (1980).