[No. 4629-0-III.   Division Three.   June 9, 1983.]

*In the Matter of the Marriage of* ROSEMARY
ANNETTE WOOD, *Respondent, and* GENE
LEE WOOD, *Appellant.*

*Robert E. Anderson* and *Lowell Barber,* for appellant.

*Fay H. Oakes,* for respondent.

ROE, C.J.—Gene Lee Wood and Rosemary Annette Wood

were married on July 10, 1955. At this time, the husband had been in the Air Force approximately 2 1/2 years. He retired on June 1, 1973, and received $841.44 military retirement pay per month.

The parties separated in July 1980. After trial in May, a decree of dissolution was filed on June 19, 1981. When dividing the property, the court characterized the military retirement pay as community property and awarded 9/20 of it to the wife. In addition, the court order expressly left open the issue of maintenance pending the Supreme Court's decision in *McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981), decided on June 26, 1981. The husband timely filed his notice of appeal.

The husband argues the trial court's division of his military retirement pay is precluded by *McCarty.* While this appeal was pending, it was held dissolution decrees involving military retirement were not subject to collateral attack. *In re Marriage of Brown,* 98 Wn.2d 46, 653 P.2d 602 (1982); *see also In re Marriage of Brodhead,* 34 Wn. App. 304, 660 P.2d 1144 (1983). Unlike those cases, this case involves a direct appeal. Therefore, *McCarty* applies to prohibit the division of military retirement pay as community property. *In re Marriage of Dessauer,* 97 Wn.2d 831, 650 P.2d 1099 (1982); *In re Marriage of Barrett,* 33 Wn. App. 420, 655 P.2d 257 (1982) (agreement between parties to divide military retirement pay unenforceable—direct appeals).

If *McCarty* were the sole change in the law, this case would be reversed and remanded for property division in light of *Dessauer,* as was done in *In re Marriage of Hanson,* 34 Wn. App. 89, 659 P.2d 1107 (1982). However, in response to *McCarty,* Congress enacted the Uniformed Services Former Spouses' Protection Act, Pub. L. No. 97–252, 96 Stat. 718 (1982). This act, effective February 1, 1983, permits divorce courts to award up to 50 percent of the disposable retired or retainer pay to the nonmilitary spouse, provided the couple was married for at least 10 years during qualified service. Here, the parties' marriage appears to meet the qualifications. Thus, that act's effect

on this appeal must be determined.

First, we note the trial court characterized the military retirement pay as community property. This was impermissible. *Dessauer.* However, the Uniformed Services Former Spouses' Protection Act provides in section 1002(a), amending 10 U.S.C. ch. 71, new section 1408(c)(1):

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

If we were to remand this case because the military retirement pay was mischaracterized, the above quoted section would permit the trial court to simply repeat its prior characterization. A remand to characterize the military retirement would therefore be pointless.

■ Next, the subsection of this act which requires payment to the nonmilitary spouse, section 1006(b),

> shall apply only with respect to payments of retired or retainer pay for periods beginning on or after the effective date of this title, *but without regard to the date of any court order.* However, in the case of a court order that became final[1] before June 26, 1981, payments under such subsection may only be made in accordance with such order as in effect on such date and without regard to any subsequent modifications.

(Italics ours.) As we interpret this subsection, the decree of dissolution awarding the wife 9/20 of the husband's military retirement pay is effective for pay periods beginning after February 1, 1983, the effective date of the federal act, regardless of the date of the previous dissolution order. Since the trial court's division of property would be permissible under the Uniformed Services Former Spouses' Protection Act beginning February 1, 1983, the payments prior to that date are not permitted, and the husband is

---

[1] A final decree is defined as a decree from which no appeal may be taken or has been taken. The decree in this case was timely appealed, so it is not final for the purposes of the act.

absolved of those only.

After allowing a division of a serviceman's military pension, the trial court, anticipating a possible dispute, entered the following alternative finding:

## VII.

That no maintenance should be awarded to Petitioner at this time, however the cause shall remain open to the issue of maintenance pending a decision by the U. S. Supreme Court determining a spousal interest in military retirement.

In view of the disposition of this case, it is unnecessary to discuss the effect of that finding.

The judgment of the trial court is affirmed, as modified by this opinion.

MUNSON and McINTURFF, JJ., concur.