**Dennis Wayne OXELGREN, Appellant,**

v.

**Rebecca Sue OXELGREN, Appellee.**

**No. 2–84–004–CV.**

Court of Appeals of Texas,
Fort Worth.

May 10, 1984.

Paul W. Leech, Grand Prairie, for appellant.

Catherine Adamski, Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a divorce decree dividing the property of the spouses. The appellant, Dennis Wayne Oxelgren, has limited the appeal to the issue of whether the trial court had jurisdiction to divide military retirement pay between the spouses.

We affirm.

The appellant and the appellee, Rebecca Oxelgren, were married on December 14, 1974 and divorced on November 18, 1983. The divorce decree awarded the appellee one-half of the appellant's Air Force retirement benefits earned during the marriage, together with all increases thereon, if, as, and when received. The decree ordered that the formula to be used in calculating the amount of retirement benefits to which the appellee is entitled is ½ times the number of months she was married to the appellant while he was in the Air Force, divided by the number of months the appellant will have been in the Air Force on the date of his retirement.

The appellant argues in his sole point of error that the trial court erred in dividing

the military retirement benefits because the Uniform Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408 (West 1983), allows courts to divide such benefits only in cases where the spouses were married for ten years or more, during which time one spouse was performing military service creditable towards retirement. Since he and the appellee were married less than ten years, the appellant claims that the trial court was without jurisdiction under the Act to divide his retirement benefits. We disagree.

Although his brief does not cite any specific part of the Former Spouses' Protection Act, the appellant is apparently relying on subsection (d)(2) of the Act to support his argument. That subsection provides:

> If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.

Standing alone, subsection (d)(2) seems to impose a ten-year marriage requirement in order for a court to divide military retirement benefits between spouses. However, (d)(2) is merely one part of section (d) of the Act, and must be read in conjunction with the entirety of section (d).

The clear purpose of section (d) is to provide for the *direct* payment of retirement benefits by the Secretary of the service branch to the receiving former spouse in cases where a court has divided such benefits. Therefore, the language in subsection (d)(2) regarding payments "to be made under this section" refers to payments which are direct payments made by the Secretary. Subsection (d)(2) thus does not create a ten-year marriage rule for the

receipt of benefits by the former spouse. Rather, it merely provides that before the Secretary is required to make *direct* payments to the former spouse, the parties must have been married at least ten years during which time one spouse was earning credit toward military retirement pay. If the ten-year requirement is not met, the military retiree must himself make payments to the former spouse.

The validity of our construction of subsection (d)(2) is fully substantiated by the legislative history of the Former Spouses' Protection Act. In promulgating the Act, Congress specifically rejected a proposal to require ten years of marriage before military retirement pay could be divided upon divorce. The House Conference Report on the bill stated that "The conferees agreed to remove the restriction that would require 10 years of marriage before military retired pay could be considered property by the courts." House Conf.Rep. No. 97–749, 97th Cong.2d Sess. 167, *reprinted in* 1982 U.S.Code Cong. & Ad.News 1555, 1572. The Senate Report explained the rationale for the position:

> (T)he committee believes that adoption of any duration of marriage requirement would be directly contrary to the primary purpose of [the Act]—to return to the States the authority to treat military pensions in the same manner as they treat other retirement benefits.... [I]f a marriage requirement of any duration was [sic] included in the bill, it would restrict the courts' ability to deal equitably with those who were married less than the required number of years.

S.Rep. No. 97–502, 97th Cong.2d Sess. 10, *reprinted in* 1982 U.S.Code Cong. & Ad. News 1604–5.

Our interpretation of subsection (d)(2) is also supported by the change in the language of the Texas Supreme Court's opinion in *Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982). In the original *Cameron* opinion published in the Texas Supreme Court Journal, 26 Tex.Sup.Ct.J. 34 (Oct. 16, 1982), the court in dicta interpreted subsection (d)(2) as requiring ten years of mar-

riage before a court could divide retirement pay. However, in the final version of the *Cameron* opinion published in the Southwestern Reporter, the Supreme Court deleted this language. 641 S.W.2d at 212–213. It is therefore clear that the court originally misinterpreted subsection (d)(2), and subsequently corrected the error in the opinion. We conclude that subsection (d)(2) does not impose a ten-year marriage requirement before a court may divide military retirement benefits.

The judgment is affirmed.