[No. 7503-6-III.   Division Three.   May 28, 1987.]

WILLIAM ROSS GILLANDERS, *Respondent,* v. GEORGINE HELENA GILLANDERS, *Appellant.*

*Georgine Helena Gillanders,* pro se.

*Joseph L. Udall,* for respondent.

McInturff, C.J.—Georgine Gillanders (now Boysen–Draeger) appeals a court order directing payment of funds from sale of property covered by the parties' property settlement agreement. We affirm.

In 1983 William and Georgine Gillanders executed a property settlement agreement, which was incorporated into their decree of dissolution. William Gillanders was awarded as his separate property residential property in White Salmon, Washington, subject to the indebtedness on the property (hereinafter the "residence" property) and subject to the "balancing interest" of Georgine Gillanders in the property. William Gillanders sold this property for cash, realizing net proceeds from the sale of $40,222.83.

Georgine Gillanders was awarded as her separate property the "Burdoin" property which she sold on a real estate contract for a net sales price of $36,000. There has been $9,000 paid on the contract. The $27,000 balance is payable in monthly payments. Interest at 8.5 percent is accruing on the contract balance. The debt balance owed by the Gillanders under their contract from the purchase of the "Burdoin" property was $7,900 at the time of trial.

The parties agreed to divide equally any amounts left over from the sale of the "residence" property after the one–half interest of William Gillanders in the "Burdoin" property is subtracted from the proceeds of the "residence" property to be divided by the parties. E. Thompson Reynolds held $15,000 in escrow from the sale of the "residence" property.

The trial court found Georgine Gillanders had a right to $2,081.68, plus interest, from the funds held in escrow (proceeds of "residence" sale). Additionally, from the sale of bonds (not involved in this appeal) for $4,235.73, William Gillanders was ordered to pay $2,379.71 to Georgine Gillanders. Finally, Mr. Gillanders was ordered to pay $4,000 on the principal of the underlying contract for the "Burdoin" property.

The issue is whether it was improper for the court to compare the net equity realized from the sale of the "residence" property for cash with the net sales price of the "Burdoin" property sold on contract to determine the balancing interest of Georgine Gillanders in the proceeds of the "residence" sale.

The only cases cited by Georgine Gillanders discuss the court's role in interpreting the parties' intent when construing a contract. She states that the parties' intent in the property settlement agreement was to divide their property equally; that the construction given by the trial court when determining William Gillanders' interest in the "Burdoin" property, awarded to Georgine Gillanders as her separate property in the dissolution decree, did not result in an equal division of their property.

The property settlement agreement is not part of the record before this court, but assuming Georgine Gillanders' interpretation of the agreement is correct (that the parties intended an equal property division, and therefore William Gillanders' interest in the "Burdoin" property must be based on its present value), there is no merit to Georgine Gillanders' claim that the trial court made an error. This is because the sales price of property sold on contract is the present value of the payments, discounted at the interest rate provided in the contract.

Present value analysis is appropriate when a sum due in the future is ordered payable in the present.

[A]n award for payments due in the future . . . would overcompensate the plaintiff [for his damages], because it would give him the money not due him until later, which would allow him to have the money when due, plus all the interest he might earn on it.

Courts attempt to avoid this overcompensation by reducing sums due in the future to "present value". This means they attempt to award a capital sum which, when used along with the interest it will earn, will produce exactly the payments due the plaintiff at the time they become due, and which will leave neither capital nor interest when all those payments have been made.

D. Dobbs, *Remedies* 178 (1973); *see also* 8 P. Deutsch & F. Raffa, *Damages in Tort Actions* § 108.12 (1986).

No case law in Washington was found analyzing the appropriateness of valuing property in a dissolution based on its present value; however, two cases were found in which the court referred to the present value of an asset. They are: *In re Marriage of Young*, 26 Wn. App. 843, 845, 615 P.2d 508 (1980); *Kinne v. Kinne*, 82 Wn.2d 360, 364, 510 P.2d 814 (1973). In both cases, the object of application of present value analysis was a stream of future payments such as the right to payments under a pension plan in *Young*. When an interest rate is not known, a discount rate must be assumed to compute the present value.

■ We hold that it would have been inappropriate for the court to discount the sales price of the "Burdoin" property using present value analysis because the sales price is stated in present dollars. Had the court discounted the future payments due under the contract at the 8.5 percent contract interest rate *due,* the discounted sum plus the down payment would equal the $36,000 contract price. The court used the $36,000 contract price to determine the parties' respective interests, so there was no error. Another way to analyze this matter is that the court did not split the interest payments to be received under the contract between the parties; all interest will be received by Georgine Gillanders to compensate her for having to wait for her money under the contract.

We find no merit to the argument that a higher interest rate, such as the 14.08 percent Georgine Gillanders suggests in her brief, should be used as a discount rate—the actual interest receivable on the contract is 8.5 percent and the terms of the sale were negotiated at arm's length by Georgine Gillanders. Therefore, we find 8.5 percent is an adequate interest provision.

The judgment of the Superior Court is affirmed.

Georgine Gillanders' request for attorney fees on appeal is denied.

GREEN and MUNSON, JJ., concur.