519 So.2d 351 (1988)
Sandra Louise SCOTT, Appellant,
v.
David Baretta SCOTT, Appellee.
No. 19265-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1988.
James B. Wells, Bossier City, for appellant.
James D. Hall, Bossier City, for appellee.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
NORRIS, Judge.
Sandra Louise Scott, plaintiff below, appeals the judgment denying her a share in David Baretta Scott's military retirement pay. David Scott retired from the Air Force November 30, 1979, with a total of 21 years, seven months and 24 days of active service. Sandra and David were married November 24, 1972 and divorced July 16, 1984. Seven years and six days of the marriage were during David's military service. At the trial on the petition to partition community property the parties stipulated that all claims regarding community property were dismissed except the issue of David Scott's military retirement pay.
The trial court ruled that Sandra Scott was not entitled to a portion of the military retirement pay, finding that the Louisiana state courts are precluded from awarding military retirement pay as part of a community property settlement when the parties were married during fewer than ten years of military service. Louisiana's courts had traditionally treated a former spouse's military retirement pay as community property. Sims v. Sims, 358 So.2d 919 (La.1978). In 1981 the United States Supreme Court held that military retirement benefits were not subject to a community property regime. McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In 1982 Congress enacted the Uniformed *352 Services Former Spouses Protection Act (USFSPA),[1] with the express intent of legislatively overruling McCarty. Simmons v. Simmons, 453 So.2d 631 (La. App. 3d Cir.1984), writ denied 458 So.2d 476 (La.1984). However, the court below concluded that the USFSPA did not grant relief to a former spouse when the marriage had spanned less than ten years of military service. The trial judge relied on 10 USCA § 1408(d)(2):
(2) If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.
The only issue before us is whether § 1408(d)(2) precludes a former spouse from receiving a share of military retirement pay when the marriage lasted fewer than 10 years during service.
This issue is res nova in Louisiana, but it has been addressed by courts in other states. All five jurisdictions that have considered this issue, Oregon, Texas, Idaho, Washington and California, have determined that § 1408(d)(2) does not prevent state courts from awarding the former spouse a proportionate share of military retirement benefits, but does preclude such share being paid directly by the government to the retiree's former spouse.
In Marriage of Wood and Wood, 66 Or. App. 941, 676 P.2d 338 (1984) the parties had been married for 8 years and 3 months of the husband's Navy career. The trial court included the husband's military pension in the division of marital property. The husband appealed, urging the same issue before us now. The Oregon Court of Appeals affirmed the decision of the court below. The court concluded that when subsection (d)(2) was read in context with subsection (d)(1), it was seen to apply only when the former spouse was awarded a share of a pension account, and the Secretary was required to pay the share directly to the spouse.
§ 1408(d)(1) reads as follows:
(d)(1) After effective service on the Secretary concerned of a court order providing for the payment of child support or alimony or, with respect to a division of property, specifically providing for the payment of an amount of the disposable retired or retainer pay from a member to the spouse or a former spouse of the member, the Secretary shall make payments (subject to the limitations of this section) from the disposable retired or retainer pay of the member to the spouse or former spouse in an amount sufficient to satisfy the amount of child support and alimony set forth in the court order and, with respect to a division of property, in the amount of disposable retired or retainer pay specifically provided for in the court order. In the case of a member entitled to receive retired or retainer pay on the date of the effective service of the court order, such payments shall begin not later than 90 days after the date of effective service. In the case of a member not entitled to receive retired or retainer pay on the date of the effective service of the court order, such payments shall begin not later than 90 days after the date on which the member first becomes entitled to receive retired or retainer pay.
The Texas Court of Appeals also held that when considered with subsection (d) as a whole, it is clear that (d)(2) applies only when the action sought is direct payments by the Secretary. The Texas court concluded *353 that when the 10-year requirement is not met, the military retiree must make payments to the former spouse. Oxelgren v. Oxelgren, 670 S.W.2d 411 (Tex.App. 2d Dist.1984). The court also considered the legislative history of the former Spouses' Protection Act; specifically that Congress had rejected a proposal to require 10 years of marriage before military retirement pay could be divided upon divorce. Oxelgren, supra.
In Washington two cases had stated that a state court could award a portion of military retirement pay in a property division only when the marriage spanned more than 10 years of the spouse's military service. In Re Marriage of Smith, 100 Wash.2d 319, 669 P.2d 448 (1983); In Re Marriage of Wood, 34 Wash.App. 892, 664 P.2d 1297 (1983). However, both these cases involved marriages that had spanned more than 10 years of service; the statements were dicta. The court overruled those cases when it first considered the issue directly. The court relied on the legislative history of the USFSPA, as well as other jurisdictions' holdings (Marriage of Wood and Wood, 66 Or.App. 941, 676 P.2d 338 (1984); Oxelgren, supra) to conclude that the state court's authority to divide military retirement pay is not limited to cases in which the marriage has lasted for more than 10 years of the military career. Konzen v. Konzen, 103 Wash.2d 470, 693 P.2d 97 (1985).
In LeVine v. Spickelmier, 109 Idaho 341, 707 P.2d 452 (1985), the Idaho Supreme Court held that the 10-year limitation in (d) applies only where the former spouse seeks direct payment from the Secretary.
The most recent case dealing directly with this issue also held that subsection (d)(2) is a limitation only upon direct payments made to the former spouse pursuant to a court order served upon the Secretary. Beltran v. Beltran, 183 Cal.App.3d 292, 227 Cal.Rptr. 924 (Cal.App. 1st Dist.1986). The California court relied on the context in which subsection (d)(2) is found, as well as Congress's refusal to adopt a 10 or 15 year requirement in the act.
We agree with the reasoning and conclusions of the cases cited above. Section (d) deals entirely with direct payments by the Secretary to the former spouse; subsection (d)(2) modifies only section (d). It does not prevent us from considering the military pay of a retiree who was married for less than ten years during service as community property. The plaintiff below did not ask that she be paid directly by the Secretary from the military retirement fund, nor could she be. Oxelgren v. Oxelgren, supra. Section (d) and therefore subsection (d)(2) does not apply to this situation when the plaintiff is asking only that she be paid her share of this community property by her former husband.
The case was submitted below with an exhibit detailing David Scott's gross retired pay from December 1, 1979 through May 31, 1986. Both parties agreed that the proper formula for computing the portion of retirement pay to which plaintiff is entitled is:

Portion of pension
attributable
to creditable
service during
existence of
community × ½ = Spouse's portion
Pension attributable
to total creditable
service

Sims v. Sims, 358 So.2d 919 (La.1978).
The judgment of the trial court is reversed and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, SANDRA LOUISE SCOTT, and against defendant, DAVID BARETTA SCOTT, classifying that portion of DAVID BARETTA SCOTT'S military retirement benefits earned during the marriage as community property, and recognizing SANDRA LOUISE SCOTT as owner of a proportionate share of the asset, said portion to be computed in accordance with Sims v. Sims, 358 So.2d 919 (La.1978).
We remand this suit to allow the trial court to calculate the percentage due plaintiff under the formula set forth in Sims, supra, and determine the method and *354 schedule of payment. Costs of the appeal are assessed to the appellee.
REVERSED, RENDERED AND REMANDED.
NOTES
[1] The key section, 10 U.S.C.A. § 1408(c)(1) provides:

Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.