[Nos. 48132–6, 48323–0,    Department Two.              February 10, 1983.]
       48622–1.

*In the Matter of the Marriage of* MARY E. SMITH,
*Respondent, and* WILLIAM A. SMITH, JR.,
*Appellant.*

*In the Matter of the Marriage of* RUBY MAE
WEHMEYER, *Respondent, and* DANIEL
CARL WEHMEYER II, *Appellant.*

*In the Matter of the Marriage of* JEANNETTE
MARGARET WILDER, *Respondent, and* LARRY
EUGENE WILDER, *Appellant.*

*Cordes, Cordes & Younglove* and *Clifford F. Cordes III,* for appellant Smith.

*James F. Leggett,* for appellant Wehmeyer.

*Jacob Cohen,* for appellant Wilder.

*Swanson, Lindskog, Lundgaard, Aitken & Swanson,* by *Ralph G. Swanson,* for respondent Smith.

*Davies, Pearson & Anderson, P.S.,* by *Patricia C. Fetterly,* for respondent Wehmeyer.

*Michael M. Waller* and *Zylstra, Beeksma & Waller,* for respondent Wilder.

PER CURIAM.—Each of these three cases involves a dissolution decree that treated the husband's rights to receive military retired pay as a community asset and, on that basis, distributed part of those rights to the wife. Each decree became final prior to *McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981). In that case,

the United States Supreme Court held, that federal law precludes state courts from dividing military retired pay under their own community property laws. Based on *McCarty,* the ex–husband in each of these cases moved in superior court to vacate his dissolution decree insofar as it distributed his military retired pay. In each case, the trial court denied the motion, and the ex–husband appealed directly to this court. We deferred action on these appeals pending our decision in *In re Marriage of Brown,* 98 Wn.2d 46, 653 P.2d 602 (1982).

The primary argument raised by each appellant is that under *McCarty* the dissolution courts lacked jurisdiction to divide military retired pay. In *Brown,* however, we held that *McCarty* did not operate retroactively to deprive dissolution courts of jurisdiction over military retired pay. Applying the *Brown* holding in the present cases, we reject appellants' arguments and affirm the trial courts' orders refusing to vacate the dissolution decrees.

One appellant also seeks to raise another issue. In Smith, after the appellant filed a notice of appeal from the denial of his motion to vacate, the respondent garnisheed a bank account containing proceeds of the appellant's retired pay. The appellant now seeks review of a trial court ruling denying his motion to quash the writ of garnishment. If after a party files a notice of appeal, the trial court enters a new decision in the same case, the party may obtain review of the new decision only by filing a new notice of review. RAP 5.1(f), 6.1. Appellant Smith has not done so. Accordingly, his challenge to the trial court's order refusing to quash the writ of garnishment is not properly before this court and will not be considered.

We have considered the other contentions of the various appellants and find them to be without merit. The orders of the trial courts in Smith, Wehmeyer, and Wilder are affirmed. Wehmeyer and Wilder are remanded to the trial courts for determination whether to award attorney fees on

appeal under RCW 26.09.140. As the respondent in Smith has not requested attorney fees on appeal, none will be awarded. RAP 18.1.

Reconsideration denied March 29, 1983.