[No. 50402-4. En Banc. January 11, 1985.]

*In the Matter of the Marriage of* JOSEPH J. KONZEN, *Petitioner, and* GERALDINE H. KONZEN, *Respondent.*

*Shiers, Kamps, Love & Chrey,* by *Wm. J. Kamps,* for petitioner.

*Richard C. Carrithers* and *Robert M. Sifferman,* for respondent.

DIMMICK, J.—This appeal challenges the trial court's award of a portion of petitioner's military retired pay to his former spouse where that military retired pay accrued prior to their marriage and was his separate property. We hold that the trial court had the authority to make such an award and did not abuse its discretion in so doing.

Prior to Joseph and Geraldine Konzens' marriage on June 22, 1970, Mr. Konzen had retired from a 25–year career with the United States Navy. This was a second marriage for each party. At the time of trial, he was receiving $1,653 per month in military retired pay. Although both parties were unemployed at the time of trial, the trial court found that Mr. Konzen had a substantially and disproportionately greater earning capacity than Mrs. Konzen. Mr. Konzen holds an undergraduate degree and a master's degree. Until just prior to trial, he had worked as a manager for the Kitsap Golf and Country Club. Mrs. Konzen has not completed high school. She has worked occasionally as a waitress and a retail clerk. Both parties have health problems. Mr. Konzen suffers from a vascular problem which causes his right leg to bleed after prolonged sitting or standing. Mrs. Konzen is a recovering alcoholic.

A final decree of dissolution was entered on September 26, 1980. The trial court characterized Mr. Konzen's military retired pay as his separate property. The rest of the parties' property was characterized as community property. The trial court apportioned the Konzens' community property approximately equally. In addition, it awarded 30 percent of Mr. Konzen's military retired pay to Mrs. Konzen. The trial court based the property division on the economic circumstances of the parties. In its oral opinion, it stated that it had chosen to award a portion of Mr. Konzen's separate property, rather than a disproportionate share of the community property, to Mrs. Konzen because the military retired pay was a more liquid asset.

Mr. Konzen appealed the award of 30 percent of his military retired pay. The Court of Appeals modified the award to cut off Mrs. Konzen's interest at her death, but otherwise affirmed the property division made by the trial court.

■ Petitioner herein contends that the trial court lacked subject matter jurisdiction over his military retired pay. We disagree. The trial court acted within its authority when it awarded a portion of the petitioner's military retired pay to his former wife. *Wilder v. Wilder*, 85 Wn.2d 364, 366–67, 534 P.2d 1355 (1975). While the Konzens' appeal was pending, the United States Supreme Court held in *McCarty v. McCarty*, 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981) that state courts could not divide military retired pay as part of a property division in a dissolution. However, nothing in *McCarty* indicates that it was intended to divest the state courts of jurisdiction over military retired pay. *McCarty* merely changed the rule of law to prohibit the division of military retired pay as community or marital property. *In re Marriage of Brown*, 98 Wn.2d 46, 49, 653 P.2d 602 (1982); *In re Marriage of Smith*, 98 Wn.2d 772, 774, 657 P.2d 1383 (1983). *Accord, In re Marriage of De Gryse*, 135 Ariz. 335, 338, 661 P.2d 185, 188 (1983).

Even under *McCarty*, the trial court would have had jurisdiction over Mr. Konzen's military retired pay as his separate property. RCW 26.09.080. In fact, the United States Supreme Court indicated that a state would be allowed to order the payment of spousal support or child support out of military retired pay. *McCarty*, at 230. In addition, a state court continued to be able to consider the effect of military retired pay on the economic circumstances of the parties when making an equitable division of their property. *In re Marriage of Dessauer*, 97 Wn.2d 831, 839, 650 P.2d 1099 (1982). The trial court had subject matter jurisdiction over Mr. Konzen's military retired pay and later changes in federal law did not affect that jurisdiction.

The Uniformed Services Former Spouses' Protection Act (USFSPA) now allows state law to control the division of military retired pay as part of a property settlement in a

dissolution. 10 U.S.C. § 1408(c) (1982). Congress intended that the USFSPA apply retroactively to eliminate all effects of the *McCarty* decision. 10 U.S.C. § 1408(c)(1); S. Rep. No. 502, 97th Cong., 2d Sess. 15, *reprinted in* 1982 U.S. Code Cong. & Ad. News 1596, 1611. In keeping with this intent, we review the award of Mr. Konzen's military retired pay in light of the requirements of the act. *In re Marriage of Smith,* 100 Wn.2d 319, 669 P.2d 448 (1983).

Petitioner next argues that the award was improper under the USFSPA. He interprets the USFSPA to allow state courts to award a portion of military retired pay as part of a property division only if the parties' marriage has lasted for more than 10 years during the service member's military career. In dicta, this court has referred to such a limitation in the USFSPA. *In re Marriage of Smith,* at 323. *See also In re Marriage of Wood,* 34 Wn. App. 892, 893, 664 P.2d 1297 (1983).

However, this issue is raised directly for the first time in this case. In *In re Marriage of Smith,* the parties had been married for almost 20 years, most of which were during the husband's military career. The Konzens were married for slightly more than 10 years, but were not married during any part of Mr. Konzen's service in the Navy.

██ Petitioner relies on language in section 1408(d)(2) of the USFSPA which states:

> If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.

However, it is not clear from the structure of the statute whether this 10–year requirement applies to every division of property authorized under section 1408(c) or only to

direct payments by the government to a former spouse authorized under section 1408(d). When the language of a statute is ambiguous, this court will look to the legislative history to determine Congress' intent. *Bellevue Fire Fighters Local 1604 v. Bellevue*, 100 Wn.2d 748, 675 P.2d 592 (1984).

The legislative history clearly indicates that Congress did not intend to limit the application of the USFSPA to marriages lasting over 10 years during the service member's military career.

The Department of Defense had urged the Senate to adopt such a 15-year requirement, but this recommendation was rejected in committee. S. Rep. No. 502, 97th Cong., 2d Sess. 9–10, *reprinted in* 1982 U.S. Code Cong. & Ad. News 1596, 1604–05. The USFSPA as originally passed by the House had been amended to limit its application to marriages lasting more than 10 years. 128 Cong. Rec. H4726, H4736 (daily ed. July 28, 1982) (Nichols amendment). Section 1408(c)(1) of the original House version stated:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning on or after June 26, 1981, either as property solely of the member *or* as property of the member and his spouse in accordance with the law of the jurisdiction of such court *if the spouse was married to the member for a period of not less than 10 years during which the member performed at least 10 years of service which is creditable in determining the member's eligibility for retired or retainer pay, or equivalent pay,* as a result of his service in any of the uniformed services.

128 Cong. Rec. H4726. The language in section 1408(c) limiting the application of the USFSPA to marriages lasting more than 10 years during the service member's military career was deleted in the conference committee. H. Rep. No. 749, 97th Cong., 2d Sess. 166–67, *reprinted in* 1982 U.S. Code Cong. & Ad. News 1570, 1572. The conference report states:

The conferees agreed to remove the restriction that would require 10 years of marriage before military retired pay could be considered property by the courts. The conferees further agreed, however, that direct payments by the service finance centers to a former spouse from the member's retired pay based on a division of that retired pay as property would be limited to situations in which the former spouse was married to the member for at least 10 years while the member performed military service. The 10–year restriction would not apply to direct payments based on the award of child support or alimony.

Currently, there is no Federal enforcement mechanism for court–ordered property division of military retired pay available to former spouses of military personnel. The conferees agreed to a Federal enforcement provision as described above; however, jurisdiction of the courts to consider military retired pay when fixing the property rights between the parties to a divorce, dissolution, legal separation or annulment would not be affected by the 10–year marriage requirement.

As passed, section 1408(c)(1) of the USFSPA states:

Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

This interpretation of the USFSPA is in accord with rulings in other jurisdictions. A number of courts have made reference to a 10–year requirement in the USFSPA. However, in each of these cases the marriage under consideration had lasted for more than 10 years during the service member's military career and the issue was not squarely before the courts. *In re Marriage of Smith,* at 320; *Coates v. Coates,* 650 S.W.2d 307, 311 (Mo. Ct. App. 1983); *In re Marriage of Costo,* ___ Cal. App. 3d ___, 203 Cal. Rptr. 85, 89 (1984). Every court which has directly considered this issue has determined that a state court's authority to divide military retired pay is not limited to cases in which the marriage has lasted for more than 10 years during the serv-

ice member's military career. *In re Marriage of Wood,* 66 Or. App. 941, 944–46, 676 P.2d 338 (1984); *Oxelgren v. Oxelgren,* 670 S.W.2d 411, 412 (Tex. Ct. App. 1984). *See also* Horkovich, *Uniformed Services Former Spouses' Protection Act: Congress' Answer to McCarty v. McCarty Goes Beyond the Fundamental Question,* 23 A.F. 287, 307 (1982–83). We likewise so hold.

The final issue raised by petitioner is whether the trial court abused its discretion in awarding a portion of petitioner's separate property, 30 percent of his military retired pay, to his former spouse. Petitioner relies on *Bodine v. Bodine,* 34 Wn.2d 33, 35, 207 P.2d 1213 (1949), in which the court stated that the situations which warrant an award of one spouse's separate property to the other spouse are "exceptional." At the time *Bodine* was decided the statute governing the division of property in a divorce stated:

> In granting a divorce, the court shall also make such disposition of the *property of the parties* as shall appear just and equitable, having regard to the respective merits of the parties, and to the conditions in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the minor children of such marriage.

Rem. Rev. Stat. § 989. While both separate and community property have always been considered to be before the court in a dissolution action, it was not until the statute was revised in 1949 that the allocation of separate property was explicitly governed by statutory criteria. Laws of 1949, ch. 215, § 11, p. 701. Prior to this change the courts were free to weigh the character of the property more heavily than other factors when allocating separate property.

■■ However the current statute specifically applies the statutory criteria to separate property. RCW 26.09.080 states:

> In a proceeding for dissolution of the marriage . . . the court shall, without regard to marital misconduct, make such disposition of the property and the liabilities of the

parties, *either community or separate,* as shall appear just and equitable after considering all relevant factors including, but not limited to:

(1) The nature and extent of the community property;

(2) The nature and extent of the separate property;

(3) The duration of the marriage; and

(4) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to a spouse having custody of any children.

(Italics ours.) This court will not single out a particular factor, such as the character of the property, and require as a matter of law that it be given greater weight than other relevant factors. The statute directs the trial court to weigh all of the factors, within the context of the particular circumstances of the parties, to come to a fair, just and equitable division of property. The character of the property is a relevant factor which must be considered, but is not controlling. *In re Marriage of Hadley,* 88 Wn.2d 649, 656, 565 P.2d 790 (1977). The decision of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. *In re Marriage of Miracle,* 101 Wn.2d 137, 139, 675 P.2d 1229 (1984). Under the circumstances of this case, we find no abuse of discretion.

Respondent's request for attorney's fees is denied. RCW 26.09.140 allows a court to award attorney's fees if a party demonstrates financial need. Respondent has made no present showing of financial need, and petitioner's claim was not frivolous. We affirm the trial court award as modified by the Court of Appeals.

WILLIAMS, C.J., and UTTER, DORE, PEARSON, and ANDERSEN, JJ., concur.

BRACHTENBACH, J. (dissenting)—The majority holds that a state court's authority to divide military retired pay is not limited to cases in which the marriage has lasted for more than 10 years during the service member's military career. Although policy considerations may favor this holding, it

requires an interpretation of the applicable statute which totally disregards the rules of statutory construction established by this court. Discretionary application of the rules of statutory construction destroys their value and leads to unnecessary judicial tampering. For this reason I dissent.

Petitioner contends that the award of his military retired pay was improper under the Uniformed Services Former Spouses' Protection Act (USFSPA). He interprets the USFSPA to allow state courts to award a portion of military retired pay as part of a property division only if the parties' marriage has lasted for more than 10 years during the service member's military career.

Petitioner relies on language in 10 U.S.C. § 1408(d)(2) of the USFSPA which provides:

> If the spouse or former spouse to whom payments are to be made *under this section* was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made *under this section* to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.

(Italics mine.) Petitioner contends that the 10–year requirement of subsection (d)(2) is made applicable to the entire section 1408 by the language "under this section". Therefore, he argues no division is proper under section 1408 unless the couple was married during at least 10 years of service.

The majority summarily concludes that an ambiguity exists as to whether section 1408(d)(2) applies to subsection (d) alone or to the entire section 1408. In this way the majority introduces the legislative history which becomes the basis for its analysis. The majority does not identify or discuss the ambiguity in subsection (d). Indeed, it cannot, because no ambiguity exists.

The intent of the Legislature must be determined pri-

marily from the language of the statute itself, and where the language is plain and free from ambiguity, there is no room for construction, because the meaning will be discovered from the wording of the statute itself. *Ford Motor Credit Co. v. Cenance*, 452 U.S. 155, 68 L. Ed. 2d 744, 101 S. Ct. 2239 (1981), *on remand sub nom. Cenance v. Bohn Ford, Inc.*, 666 F.2d 97 (5th Cir. 1982); *People's Org. for Wash. Energy Resources v. Utilities & Transp. Comm'n*, 101 Wn.2d 425, 679 P.2d 922 (1984); *Bellevue Fire Fighters Local 1604 v. Bellevue*, 100 Wn.2d 748, 675 P.2d 592 (1984). Accordingly, when a term used in a statute is not defined therein, it should be given its ordinary meaning. *State ex rel. Graham v. Northshore Sch. Dist. 417*, 99 Wn.2d 232, 662 P.2d 38 (1983). This is so even if the court, as draftsman, might have used or preferred a different choice of language than that employed by the Legislature. *Guinness v. State*, 40 Wn.2d 677, 246 P.2d 433 (1952).

In the present case, the language of subsection (d), paragraph (2) is plain and free from ambiguity. The 10–year requirement set forth here is clearly made applicable to the entire section 1408 by the language "under this section". The majority's assertion that it could apply either to the entire section 1408 or only to *subsection* (d) is simply not supportable under this language. "Section" is defined as a distinct part or portion of a writing as a subdivision of a chapter. *Webster's Third New International Dictionary* 2052 (1961). Section 1408 is within chapter 71 and is a subdivision of this chapter. Subsection (d) is a further division of section 1408; subsection (d) is not properly termed a "section".

An examination of the statute itself is conclusive proof that the word "section" encompasses every part of section 1408(a) through (h). The introductory language states:

Sec. 1002. (a) Chapter 71 of title 10, United States Code, is amended by adding at the end thereof the following new section:

96 Stat. 730, Pub. L. No. 97–252 (1982). Thereafter there follows in quotation marks all of section 1408(a) through

(h). In other words, the introductory language itself defines "section" by stating that there is added a new *section*. What is contained within that *section* is indicated by the quotation marks in front of "§ 1408" through the last word in (h). The entire section 1408 is the new *section*. Because the phrase "under this *section*" can only apply to the entire section 1408, no ambiguity exists and therefore statutory construction is improper.

The Legislature's use of the words "section" and "subsection" in the entirety of section 1408 supports the contention that the 10–year requirement of subsection (d)(2) applies to the entire section 1408. When construing a statute, courts must read the act as a whole and not piecemeal. *State v. Parker,* 97 Wn.2d 737, 649 P.2d 637 (1982); *Burlington N., Inc. v. Johnston,* 89 Wn.2d 321, 572 P.2d 1085 (1977). Throughout section 1408 the Legislature used the term "section" to refer to the entire act. For example, the codification index of chapter 71 of Title 10 lists the sections of the chapter. Section 1408 is listed under the heading "sections". We can therefore presume it knew to what that term correctly referred.

In addition, specific subsections are referred to. In section 1408(b)(1)(A) and in section 1408(f)(1) and (2)' the term "subsection" is used to refer to subsection (h). In section 1408(d)(2) itself subsection (c) is referred to. In section 1408(d)(5) the division of paragraph is referred to, supporting further distinction between sections, subsections, and paragraphs. And most importantly, the subsection in question, subsection (d), is correctly referred to as "subsection" in section 1408(e)(1). It is obvious that the Legislature knew the difference between "section" and "subsection" and had it wanted to limit the 10–year requirement to subsection (d) it would have used the proper term.

If the majority is correct in its conclusion that the limitation in section 1408(d)(2) is limited only to direct payments made under section 1408(d)(1), then the whole act is rendered a shambles. For example, section 1408(a)(1)

through (6) provides the definitions of the words "court", "court order", "final decree", "disposable retired or retainer pay", "member" and "spouse or former spouse". Under the majority's analysis these terms would apply *only* to section 1408(a). Thus, the definitions therein provided would stand alone and section 1408(a) would be meaningless. Likewise, section 1408(b) which determines when service of a court order is effective and when it is regular on its face would apply only to itself and would stand as a meaningless collection of words, applicable to nothing.

In addition, section 1408(h) is utterly meaningless under the majority's analysis. In its entirety it provides: "[t]he Secretaries concerned shall prescribe uniform regulations for the administration of this section." The majority's holding would limit such regulations to the administration of section 1408(h) which only authorizes the issuances of regulations.

Obviously, each subsection cannot refer solely to itself. The language "under this section" must refer to the entire section 1408 or the act is rendered useless. For example, the trial court disposed of the military pension by court order. The court order must fulfill the requirements of subsection (a)(2) before the military retired payments may be divided. The court order in this case is the very type of order section 1408 is designed to deal with. Then subsection (c) comes into play by announcing that such division is possible. And finally subsection (d) limits the division in various ways. The subsections are meant to work together and each is designed to apply to the entire section 1408.

It may well be that the conference report, cited by the majority, is what the members of the conference committee intended. However, that is not what the drafter of the bill itself put into the document ultimately passed.

The interpretation which applies the 10–year requirement of subsection (d)(2) to the entire statute is reconcilable with the intent apparent in the remainder of the statute. The idea that the Legislature wanted to limit state courts' authority to divide military retired pay to cases

where the marriages lasted a reasonable period of time fits into the general scheme of offering some protection to the retiring spouse. Section 1408(c)(3) similarly protects this spouse by not giving courts the authority to order the service member spouse to retire or apply for retirement so as to effectuate payment under section 1408. Subsection (d) provides for various limitations which protect the retiring spouse to an extent. Subsection (d), paragraph (1) requires a court order before benefits can be paid directly to the spouse or former spouse. Subsection (d), paragraph (3) provides that a court may not order payments to be made more often than once each month. Any payment, direct or other, would occur most beneficially for both spouses at a time when money was available, after the government's monthly payment. Subsection (d), paragraph (4) limits payment under section 1408 to the time when the retired or retiring spouse is still alive. Subsection (d), paragraph (5) sets forth the procedure for garnishment of the military retired pay. Each of these paragraphs of subsection (d) refer to the "section" and each is reconcilable to the interpretation that they limit the entire section 1408. Contrary to the holding in *In re Marriage of Wood*, 66 Or. App. 941, 676 P.2d 338 (1984), the limitation in (d)(1), requiring a court order before benefits are paid directly to the spouse or former spouse, is not necessarily applicable to the entire subsection (d). Each of the paragraphs are separate limitations on section 1408.

Because there is no ambiguity in subsection (d) and the ordinary meaning applied to the questioned term is reconcilable with the remainder of the statute, I would hold that the 10–year requirement of subsection (d)(2) applies to the entire act. Therefore, I would reverse and remand.

DOLLIVER, J., concurs with BRACHTENBACH, J.

Reconsideration denied February 15, 1985.