Dear State Senate Cullison,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
May a town governed by a three-person statutory board oftrustees under the terms of 11 O.S. 12-101 (1981) et seq.,increase its board membership from three members to five members,and in so doing, establish a method of electing board memberswhere some members are elected to represent specific wards andothers are elected to represent the town at large?
¶ 1 Title 11 of the Oklahoma statutes authorizes a number of forms of municipal government. The form of government highlighted in your question is set forth and governed by the terms of 11O.S. 12-101 (1981) et seq., and has been significantly altered in the past few years.
¶ 2 In 1978, extant law contemplated that such towns could have either three or five trustees, at the option of the town's voters, with each such trustee to be elected at large, but to represent and reside in specific wards carved out from the town's geographic boundaries. See 11 O.S. 12-102, 11 O.S. 12-107
(1978). In 1981, the Legislature amended these statutes and provided that a statutory town could be governed by a board of trustees with all the members of the board elected at large and also representing the town at large, as well. 11 O.S. 12-102,11 O.S. 12-103.1 (1981).
¶ 3 Title 11 O.S. 12-103.1(A) (1981) still provides, in this vein:
 The board of trustees may, by ordinance, provide for the nomination and election at large of the trustees of a statutory town board of trustees form of government; provided, however, that such ordinance shall not become effective until sixty (60) days following the date of its publication. After the ordinance becomes effective, the requirement that trustees of a town be residents of and nominated from wards shall not apply.
¶ 4 This section goes on to provide that in the sixty day time period referenced registered voters of the town may petition for an election to determine the question of nominating and electing the trustees at large. 11 O.S. 12-103.1(B) (1981). Subsection (D) of 11 O.S. 12-103.1 further provides that if all requisite mandates of the statutes have been met regarding setting up a public vote on whether to elect board members at large, the voters must be presented with a ballot which reads substantially as follows:
 For the nomination and election of trustees at large ()
 Against the nomination and election of trustees at large ()
¶ 5 The above-referenced 11 O.S. 12-102 was again amended in 1984, and now provides:
 The town board of trustees shall consist of either three (3) or five (6) trustees who shall be nominated from wards or at large and elected at large. The governing body may submit to the voters the question of whether the town board shall consist of either three (3) or five (6) trustees. If approved, the election of trustees to fill any new positions shall take place at the time set by the town board but no later than the next regular municipal election. The terms of the new trustees shall be staggered as provided for in 11 O.S. 16-206 and 11 O.S. 16-206
of this title.
¶ 6 The statutory language referred to gives clear authority for a town to increase its governing board membership size from three members to five members. However, this language also evidences legislative intent that towns governed by 11 O.S.12-101 et seq. have only two choices, either to have their governing board members entirely elected to represent the citizens of the town at large, or to have them elected wholly to represent specific wards in the town. No authorization is set forth calling for the election of some board members at large and others to represent specific wards in the town.
¶ 7 In contrast, 11 O.S. 11-102 (1981), governing statutory strong-mayor-council forms of government, does specifically contemplate that members of the governing board of such a city be partially elected at large and partially elected from each ward of the city. Title 11 O.S. 10-102 (1981), governing statutory council-manager cities, similarly provides for mixed representation of the voters of such a city.
¶ 8 It is well established in this state that cities and towns have only those powers that are expressly granted to them by statute or local charter, or incidental to powers expressly granted thereby, and that no inherent power to deviate from those grants of authority exists. City of Hartshorne v. Marathon OilCo., 693 P.2d 97 (Okla. 1979); Shipp v. Southeastern OklahomaIndustries Authority, 498 P.2d 1395 (Okla. 1972). Where the Legislature has chosen to address an area of the law in a specific manner, and fails to likewise provide in an analogous area, such silence on the part of the Legislature is indicative of Legislative intent that the two situations are to be treated differently. City of Duncan v. Bingham, 394 P.2d 456 (Okla. 1964). In this instance, the Legislature has mandated that towns governed by the terms of 11 O.S. 12-101 (1981) et seq., as amended, do not have the authority to provide for the nomination and election of some of the members of its governing board of trustees to represent the citizens of the town at large, while others are elected to represent specific geographic wards in the town. Rather, all of such members must be nominated and elected either at large, or to represent specific wards in the town.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that statutory towns governed by the terms of 11 O.S.12-101 (1981) et seq., as amended, have the authority toincrease the size of their governing board of trustees from threemembers to five members, by virtue of the language of 11 O.S.12-102 (1987). However, in such a case, all of the members ofthe governing board of trustees must either be elected at largeto represent the town at large, or, in the alternative, electedto represent specific wards in the town. No authority exists forsuch a town to be governed by a board which is partially electedto represent specific wards and partially elected to representthe town's citizens at large.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, GENERAL COUNSEL DIVISION