FILED
COURT OF APPEALS
DIVISION II

2014 AUG -5 AM 10: 40

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of | No. 44692-8-II |
| TODD R. BROOKS, | |
| Appellant, | |
| v. | |
| ZEECHA L. BROOKS, | UNPUBLISHED OPINION |
| Respondent. | |

HUNT, P.J. — Todd R. Brooks appeals the trial court's order modifying a parenting plan. He argues that the trial court erred in modifying the parenting plan after a relocation proceeding because there was no finding or evidence at trial that his former wife's relocation required the modification. Holding that the trial court did not abuse its discretion in modifying the parenting plan, we affirm.

## FACTS

### I. PARENTING PLANS

#### A. Original October 2010 Parenting Plan, Washington

Todd and Zeecha Brooks[1] dissolved their marriage on October 22, 2010. They entered into an agreed parenting plan for their minor son. This original plan provided that their son would reside with Todd on alternating weekends, from Friday evening to Sunday evening, and

---

[1] We use the first names of the parties for clarity. We intend no disrespect.

every Wednesday overnight, year-round. In addition to this year-round visitation schedule, Todd had two, nonconsecutive weeks of extended time with their son during the summer. At the time the original parenting plan was entered, both parties resided in Cowlitz County, Washington: Todd, in Toutle, and Zeecha, in Kelso. Their son attended elementary school in Kelso.

B. Mother's Relocation to Portland; Modified December 2010 Parenting Plan

On November 3, 2010, Zeecha filed notice of her intent to relocate their son from Kelso, Washington, to Portland, Oregon. On December 15, the superior court entered an agreed order modifying the parenting plan (2010 Modified Parenting Plan). This modified parenting plan (1) explicitly contemplated their son's attendance at Portland Public Schools; (2) continued Todd's year-round residential time with their son on alternating weekends, from Friday evening to Sunday evening, but eliminated the Wednesday overnight time; (3) provided Todd the option of visiting their son in Portland one evening per week (Monday-Friday)[2]; (4) provided Todd four "additional weekends"[3] per year and three Portland Public School in-service/planning days with their son; and (5) increased Todd's additional residential summer time with their son from two weeks to approximately 30 days.

C. Mother's Relocation to Kalama, WA; Temporary 2012 Parenting Plan

On May 21, 2012, Zeecha filed notice of her intent to relocate their son from Portland, Oregon, to Kalama, Washington; she also filed a proposed modified parenting plan. Zeecha planned to remarry and wanted to move in with her future husband, who owned a home in Kalama. Zeecha's relocation to Kalama would bring her son back to Cowlitz County and closer to Todd.

---

[2] This provision was intended to provide Todd with optional time to assist his son with homework or to participate in his mid-week activities.

[3] Clerk's Papers (CP) at 30.

On June 13, Todd filed an objection to Zeecha's and their son's relocation. He also filed a proposed modified parenting plan, which he stated should apply in the event that the trial court allowed modification of the existing parenting plan. At a hearing on August 24, the trial court permitted the relocation. The trial court held a hearing for a temporary parenting plan on September 14 and entered a temporary parenting plan on November 9.

## II. PROCEDURE

### Trial; 2013 Modified Parenting Plan

A trial was scheduled for December 10, 2012. By the time of trial, Todd no longer contested Zeecha's relocation and contested only her proposed modified parenting plan. Todd and Zeecha agreed that that they would have the trial court determine only the following modified parenting plan provisions: (1) Todd's additional weekends with their son, (2) Todd's Wednesday visits with their son during the summer, and (3) their son's summer residential schedule.

Before trial, Todd filed a memorandum of law stating that the case presented a novel set of facts for the trial court to consider and arguing that Zeecha's relocation closer to Todd should not allow her to reduce Todd's residential time with their son significantly without a showing of necessity. At trial, Todd contested Zeecha's proposed modified parenting plan, arguing that (1) it included a 30 percent reduction in his residential time with their son; (2) Zeecha was attempting to use her relocation as "carte blanche to modify a Parenting Plan," because "[i]t's one of the only times where you don't have to bridge that hurdle of Adequate Cause"; and (3) she "would never pass that hurdle but for her relocation." Verbatim Report of Proceedings

3

(VRP) at 6. Todd asked the trial court to maintain the 2010 Modified Parenting Plan, except for increasing his "additional weekends"[4] from four to eight per year.[5]

The trial court addressed Todd's legal memorandum and his contention that Zeecha's relocation closer to Todd should not allow her to reduce Todd's residential time significantly without a showing of necessity:

> Well, as I stated before, this case really is a case, I think, of first impression. This is a case that has been brought before the Court because of a relocation that has been granted on a temporary basis, which now has been acquiesced, but it's a relocation, frankly, closer to the parties—brings the parties closer, instead of making them further apart.
> In their relate—in the relocation setting, what the Court normally does is look at the existing Parenting Plan and determine what provisions in that Plan need to be altered, deleted, changed because of the reality of the distance resulting from the relocation, and what provisions no longer, just simply, are practical; or, frankly, become illogical. And that's what I intend to do in this case.
> [T]he basic premises is the Court leaves in place those provisions that are in existence and are not affected by the relocation; and, the Court doesn't want to be involved in changing provision[s in] a Parenting Plan if it's not necessary. The purpose of a Parenting Plan is stability—stability for the child—the child is . . . who we're talking about.

VRP at 51-53.

The trial court orally ruled that, consistent with the 2010 Modified Parenting Plan and the November 9, 2012 temporary parenting plan, Todd would continue to have year-round residential time with their son on alternating weekends from Friday evening to Sunday evening, four "additional weekends" per year, and an additional 30 days during the summer. Clerk's

---

[4] VRP at 10.

[5] Todd presented the following argument in support of this modification request:
> The child's school schedules from the Portland School District he was in, to the current schedule under the Kalama District, results in some other losses of time. There were initially a lot of in-service days in the Portland District that the father was given, now he doesn't have those; so, he's asking for, essentially, some period of time, and that equals four weekends to make up for that.

VRP at 10-11.

Papers (CP) at 169. The trial court modified the 2010 Modified Parenting Plan by striking the provision about the Portland Public School in-service days because it was "no longer even at issue" and by granting Todd Wednesday residential time from 5:30 p.m. to 8:00 p.m. during only the school year. VRP at 55.

The trial court explained that it did not grant Wednesday residential time during the summer because, rather than giving Todd two weeks during the summer, as Zeecha proposed, it gave Todd 30 days of residential time during the summer. The trial court stated: "[I]n addition to that, to have a Wednesday visit is simply too disruptive to what's left of the Summer that would be with [Zeecha]"; and "in fact, the Parenting Plan that we're looking at modifying doesn't specifically say he has them." VRP at 57-58. Todd disagreed with the trial court's finding that the 2010 Modified Parenting Plan did not provide for Wednesday residential time during the summer. Todd argued that he had been granted Wednesday residential time during the summer under paragraph 3.13 of the 2010 Modified Parenting Plan, which provided Todd with the option of visiting their son one evening per week (Monday through Friday) to interact with him by helping with homework or participating in mid-week activities. The trial court did not find this argument persuasive.

On January 28, 2013, the trial court entered a modified parenting plan, consistent with its oral rulings set forth above. Todd appeals.

## ANALYSIS

Todd contends that the trial court erred in modifying the parenting plan after the relocation proceeding because there was no evidence at trial or trial court finding that Zeecha's relocation required the modification. He argues that when a relocation does not create a substantial change in circumstances, the trial court cannot modify the parenting plan.

Disagreeing, we hold that Todd's argument contradicts the express statutory language of RCW 26.09.260(6) and that the trial court did not abuse its discretion in modifying the parenting plan.

## I. STANDARD OF REVIEW

RCW 26.09.260 governs modifications of parenting plans. Subsection (6) provides that the superior court may order adjustments to the residential portions of a parenting plan "pursuant to a proceeding to permit or restrain a relocation of the child." RCW 26.09.260(6). We review a trial court's rulings on a parenting plan for abuse of discretion. *In re Marriage of Christel*, 101 Wn. App. 13, 20-21, 1 P.3d 600 (2000) (citing *In re Marriage of Wicklund*, 84 Wn. App. 763, 770, 932 P.2d 652 (1996)). We do not reverse a trial court's decision to modify a parenting plan under RCW 26.09.260 unless the trial court exercised its discretion in an untenable or manifestly unreasonable way. *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). We do not review credibility determinations or weigh evidence on appeal. *In re Marriage of Meredith*, 148 Wn. App. 887, 891 n.1, 201 P.3d 1056, *review denied*, 167 Wn.2d 1002 (2009).

## II. 2013 MODIFIED PARENTING PLAN IN RESPONSE TO REQUESTED RELOCATION

Todd argues that the trial court erred in modifying the parenting plan because there was no "substantial change" in circumstances, as required by RCW 26.09.260(1). Br. of Appellant at 11. Todd is correct that for most modifications, RCW 26.09.260(1) generally requires a finding that a substantial change has occurred or that modification is in the best interests of the child. But Todd ignores RCW 26.09.440, which does *not* require a showing of substantial change in circumstances or that modification is in the best interests of the child whose relocation is intended. Rather, this statute automatically allows relocation of a child and confirmation of a related proposed residential schedule *unless* the other parent moves to block the relocation or

opposes the proposed schedule within 30 days of receiving the relocation notice.[6] Consistent

with RCW 26.09.440, RCW 26.09.260(6) expressly does *not* require a hearing to determine

adequate cause in order to modify a parenting plan in response to a relocation request.[7] Todd's

arguments fail.[8]

---

[6] RCW 26.09.440(2)(a) provides, in pertinent part:
"THE RELOCATION OF THE CHILD WILL BE PERMITTED AND THE PROPOSED REVISED RESIDENTIAL SCHEDULE MAY BE CONFIRMED UNLESS, WITHIN THIRTY DAYS, YOU FILE A PETITION AND MOTION WITH THE COURT TO BLOCK THE RELOCATION OR OBJECT TO THE PROPOSED REVISED RESIDENTIAL SCHEDULE AND SERVE THE PETITION AND MOTION ON THE PERSON PROPOSING RELOCATION AND ALL OTHER PERSONS ENTITLED BY COURT ORDER TO RESIDENTIAL TIME OR VISITATION WITH THE CHILD."

[7] RCW 26.09.260(6) provides:
The court may order adjustments to the residential aspects of a parenting plan pursuant to a proceeding to permit or restrain a relocation of the child. The person objecting to the relocation of the child or the relocating person's proposed revised residential schedule may file a petition to modify the parenting plan . . . without a showing of adequate cause other than the proposed relocation itself. *A hearing to determine adequate cause for modification shall not be required so long as the request for relocation of the child is being pursued.* In making a determination of a modification pursuant to relocation of the child, the court shall first determine whether to permit or restrain the relocation of the child using the procedures and standards provided in RCW 26.09.405 through 26.09.560. Following that determination, the court shall determine what modification pursuant to relocation should be made, if any, to the parenting plan or custody order or visitation order.
(Emphasis added.) Under H.B. 2197, 63d Leg., Reg. Sess. (Wash. 2014), changes to the language of RCW 26.09.260(6) have been proposed to require an "adequate cause" standard in relocation proceedings under RCW 26.09.260(6). *See also* SUBSTITUTE H.B. 2197, 63d Leg., Reg. Sess. (Wash. 2014). But these changes have not yet been adopted. More importantly, they were not in effect at the time of the modification at issue here.

[8] Todd also cites cases holding that courts should view *custodial changes* as highly disruptive and that there is a strong presumption against modification. The modification at issue here, however, did not involve a custodial change; thus, this argument lacks merit.

A. "Adequate Cause," "Substantial Change in Circumstances," "Nexus" Not Required

Todd correctly concedes that "[t]he statute waives the issue of adequate cause if a relocation is pursued." Br. of Appellant at 11. Nevertheless, he argues that (1) the "analysis does not and should not end there"; and (2) because "[t]he court may make modifications *pursuant to the* relocation," "[t]he statute places a significant burden on the parent requesting the change to show that that some practical change to the current parenting plan is necessitated by the relocation of the child." *Id.* (citing RCW 26.09.260(6)). In support of this contention, Todd cites only RCW 26.09.260(6). But, contrary to his argument, RCW 26.09.260(6) neither requires a showing of adequate cause nor places a significant burden on the parent requesting the change to show that the relocation necessitates modifying the parenting plan.

Todd also relies on *In re Marriage of Hoseth* to support his contention that the trial court was required to find a substantial change in circumstances before modifying the parenting plan here. *In re Marriage of Hoseth*, 115 Wn. App. 563, 63 P.3d 164 (2003). But his reliance on *Hoseth* is misplaced because *Hoseth* involved a minor modification of a parenting plan under RCW 26.09.260(5), which requires "a substantial change of circumstances grounded upon facts occurring since entry of the prior decree or plan or were unknown to the superior court at the time it entered that prior decree or plan." *Hoseth*, 115 Wn. App. at 570 (citing RCW 26.09.260(1)). Unlike the minor residential time modification at issue in *Hoseth* under subsection (5) of RCW 26.09.260, the modification at issue here occurred in connection with a relocation proceeding under subsection (6), which *does not* require a showing of a substantial change in circumstances. RCW 26.09.260.

8

Acknowledging that RCW 26.09.260(6) governs this modification, Todd contends that (1) the statute's "'pursuant to relocation'"[9] language[10] creates a requirement that the modification be related to the relocation; (2) Zeecha's proposed modified parenting plan represented her "unabashed desire to reduce [his parenting] time"[11] and was not "'pursuant to'" the relocation; (3) when a parenting plan is modified, there must be a "nexus" between the parties' practical circumstances and the changes to the parenting plan; and (4) Zeecha's requested modifications lacked this "nexus." Reply Br. of Appellant at 8.

Todd relies on Zeecha's proposed modified parenting plan and her requested changes to support his argument that the modification lacked a sufficient "nexus."[12] Todd's argument lacks merit. RCW 26.09.260(6) expressly provides that "[t]he court may order adjustments to the residential aspects of a parenting plan *pursuant to a proceeding* to permit or restrain a relocation of the child." (Emphasis added). This statute does not require that the modification be related to or have a "nexus" with the requested relocation,[13] and Todd provides no authority to support this contention.

---

[9] Br. of Appellant at 11 (quoting RCW 26.09.260(6)).

[10] Pertinent portions of RCW 26.09.260(6) provide:
> In making a determination of a modification *pursuant to relocation* of the child, . . . . Following that determination, the court shall determine what modification *pursuant to relocation* should be made, if any, to the parenting plan or custody order or visitation order.

(Emphasis added.)

[11] Br. of Appellant at 13.

[12] We note, however, that the trial court did not adopt Zeecha's proposed parenting plan.

[13] But even if the statute required such a "nexus," the trial court explicitly considered Zeecha's requested relocation in modifying the parenting plan.

### B. Changes in Todd's Residential Time

Although Todd argues that the trial court should not have modified the 2010 Modified Parenting Plan, his own filings and requests at trial contradict this position. The record shows that Todd filed his own proposed parenting plan, which deviated from the 2010 Modified Parenting Plan, and that he asked the trial court to modify the 2010 Modified Parenting Plan to provide four more "additional weekends" to make up for his lost Portland Public School District In-Service days. VRP at 10.

Todd's focus appears to be on the alleged reduction in his residential time with his son resulting from the modified parenting plan: He argues that the trial court erred in *eliminating* four of his "additional weekend" visits and his mid-week visits because the relocation did not necessitate a reduction in his residential time. But contrary to Todd's assertion, the trial court *did not eliminate* four of his "additional weekend" visits; rather, the trial court *denied his request to grant him four more "additional weekends."* VRP at 10 (emphasis added). Instead of increasing to a total of eight "additional weekends," the trial court ruled that, consistent with the 2010 Modified Parenting Plan, Todd would continue to have four "additional weekends" per year.

Todd may have lost some school in-service days with his son as a result of the relocation and the change in school district. But it was not unreasonable for the trial court to decline to provide extra weekends as "make up"[14] days; and, in the modification, the trial court was not required to grant Todd the same number of residential days as he had previously enjoyed. We hold that Todd fails to show that the trial court abused its discretion when it struck the Portland

---

[14] VRP at 11.

Public School in-service residential provision of the parenting plan and maintained the 2010 Modified Parenting Plan "additional weekend" provision.

Todd also contends the trial court erred in eliminating his mid-week residential time during the summer. As the trial court noted, the 2010 Modified Parenting Plan did not explicitly provide Wednesday mid-week residential time. Rather, the 2010 Modified Parenting plan contained a provision granting Todd an *optional* weekly visit, which provision was expressly intended to give Todd the opportunity to assist the son with homework or other mid-week activities. Based on this provision's stated intent, it was not unreasonable for the trial court to limit these midweek visits to the school year, particularly in light of its finding that these visits would be disruptive to the limited days that Zeecha had with their son during the summer. Again, we hold that Todd fails to show that the trial court abused its discretion in limiting Todd's Wednesday visitations to the school year.

### C. Todd's Policy Argument to Create New Statutory Requirement

Todd asserts that this is a case of first impression and expresses his concern that parenting plan modifications that result from relocations should accommodate the relocation and not create a "free for all" for the parties to modify parenting plans. Reply Br. of Appellant at 5. He contends that (1) if we accept the argument that RCW 26.09.260(6) does not require a showing of adequate cause or substantial change in circumstances, "a move across the street would open the door to a major modification of the parenting plan without any other basis for doing so"[15]; (2) relocations should not automatically give rise to a modification of a parenting plan; and (3) we should hold that there must be a reasonable nexus between the relocation and a

---

[15] Reply Br. of Appellant at 5-6.

modification of the parenting plan. We decline Todd's request to read a new requirement into relocation proceedings that the legislature has already prescribed.

RCW 26.09.260(6) provides that, after determining whether to grant a relocation, the trial court shall determine what modification "pursuant to relocation" should be made, *if any*, to the parenting plan or custody order or visitation order. RCW 26.09.260(6) does not automatically require modifications of parenting plans after relocation; instead, the legislature has vested the trial courts with discretion to determine whether such a modification is appropriate.

Here, the trial court exercised its discretion under RCW 26.09.260(6), as contemplated by the legislature. The trial court considered whether to modify the parenting plan after Zeecha's relocation with their son:

> [I]n the relocation setting, what the Court normally does is look at the existing Parenting Plan and determine what provisions in that Plan need to be altered, deleted, changed because of the reality of the distance resulting from the relocation, and what provisions no longer, just simply, are practical; or, frankly, become illogical. And that's what I intend to do in this case.

VRP at 52. Again, Todd fails to show that the trial court abused its discretion in modifying the parenting plan in response to the relocation.

### III. ATTORNEY FEES

RAP 18.1 authorizes attorney fees on appeal if provided by applicable law. After considering the financial resources of both parties, we have discretion to award attorney fees to the prevailing party. RCW 26.09.140. To receive attorney fees under RCW 26.09.140, however, the requesting party must show his need. *In re Marriage of Konzen*, 103 Wn.2d 470, 478, 693 P.2d 97 (1985). A party relying on a financial need theory for recovery of attorney fees must submit an affidavit of need "no later than 10 days prior to the date the case is set for oral argument or consideration on the merits." RAP 18.1(c).

Todd requests attorney fees on appeal, relying on RCW 26.09.140, a financial need theory. But he has failed to provide an affidavit of need, as required by RAP 18.1(c). *Hoseth*, 115 Wn. App. at 575. Thus, we deny his request for attorney fees on appeal. RAP 18.1(c).

Zeecha asserts that she is entitled to attorney fees on appeal under RAP 18.9 because Todd filed a frivolous appeal. We disagree that Todd's appeal was frivolous. The trial court stated that "this [was] a case . . . of first impression," expressing concern that there was no guidance for the court on the particular facts of this case. VRP at 51-52. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." *Lutz Tile, Inc. v. Kreck*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007), *review denied*, 162 Wn.2d 1009 (2008). Further, all doubts as to whether an appeal is frivolous are resolved in favor of the appellant. *Id.* The trial court's comments may have given Todd the impression that modifications related to relocations that bring the parties geographically closer present a debatable issue. Accordingly, we hold that Todd's appeal is not frivolous, and we deny

Zeecha's request for attorney fees on appeal on this basis.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, P.J.

We concur:

Maxa, J.

Lee, J.