IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 82251-9-I |
| | ) | |
| GAYLENE A. GILL, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS F. GILL, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Thomas and Gaylene Gill's marriage was dissolved after a trial in May of 2016 where they both appeared pro se. At the conclusion of the trial, the judge made brief oral findings of fact and conclusions of law regarding the marriage and its dissolution. The parties were instructed to draft orders reflecting the court's rulings and submit them for signature ex parte. This did not occur until December 2020, after both parties obtained counsel. The trial court adopted Gaylene's proposed orders over Thomas' objection. Thomas now appeals, arguing the court's distribution of property and award of spousal maintenance constitute an abuse of discretion. We agree and reverse.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

Thomas and Gaylene Gill[1] married on August 21, 2004. Before and during their marriage, they lived on a property in Woodinville, Washington. Over the course of their relationship, several improvements were made to the property, including the construction of certain structures and the installation of a modular home. Thomas claimed to have completed numerous upgrades on the property himself. The couple separated in July 2015 and Gaylene later filed for dissolution of the marriage in Snohomish County Superior Court.

Both parties were represented by counsel when the dissolution proceedings began. However by the time they proceeded to trial in May 2016, Thomas and Gaylene appeared pro se. The record suggests that neither was aware a trial would be occurring that day. The couple explained that they had not been able to communicate or otherwise attempt to resolve any potential issues before the court date due to limitations stemming from a temporary restraining order. The court conducted a brief trial, which appears to have lasted just over two hours, during which the judge conducted the questioning and attempted to work through documents with both Thomas and Gaylene.

A few exhibits were entered, but the majority of the evidence resulted from the judge's examination of Thomas and Gaylene individually. No cross-examination occurred, nor does the opportunity appear to have been provided to the parties. The court made oral rulings on the characterization of assets and debts, an award of spousal maintenance and ultimately dissolved the marriage.

---

[1] Because both parties share the same last name, we refer to them by first name for clarity. No disrespect is intended.

The parties were instructed to prepare the necessary orders consistent with the court's ruling and return to have them signed on the ex parte calendar.

Neither party presented orders for entry until nearly four and a half years later. In December 2020, Thomas' attorney contacted Gaylene to inquire about the status of the matter. Gaylene, with the assistance of counsel, then filed proposed orders. In response, Thomas filed a written objection to entry of final orders and a counter motion for new trial or bifurcation of the dissolution decree. The matter was briefly heard by the same judge who had conducted the trial in 2016. He denied Thomas' motion and entered Gaylene's proposed final decree and findings of fact and conclusions of law about a marriage (FFCL). Thomas timely appealed.

ANALYSIS

I.      Scope of Review

Thomas' notice of appeal lists six sets of court orders in addition to the final dissolution decree and FFCL. However, only the decree of dissolution and accompanying findings and conclusions, both entered on December 8, 2020, are properly before this court. The other challenged orders were entered in 2015 and 2016, thus the timeframe to seek appellate review has long passed. See RAP 5.2. Further, Thomas' assignments of error and briefing only address the 2020 orders and specifically question the propriety of the court's determinations as to the characterization of debts and assets, division of property and debts, and the award of spousal maintenance. Accordingly, the only issue before us is to determine whether the court abused its discretion as to those rulings.

II.  Property Characterization

"A trial court's characterization of property as separate or community presents a mixed question of law and fact." In re Marriage of Schwarz, 192 Wn. App. 180, 191–92, 368 P.3d 173 (2016).  We review the factual findings that support the characterization for substantial evidence. Id. at 192.  Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth. Miles v. Miles, 128 Wn. App. 64, 69, 114 P.3d 671 (2005).  Further, the findings of fact must support the conclusions of law. Id. at 70.  "The ultimate characterization of the property as community or separate is a question of law that we review de novo." In re Marriage of Kile and Kendall, 186 Wn. App. 864, 876, 347 P.3d 894 (2015).

Thomas challenges section 8 of the FFCL, which addresses the real property in dispute.  After identifying the Woodinville property as Gaylene's separate property, a subsection titled "Other" in section 8 states:

> The Court finds that the Petitioner/Wife inherited the land and it is her separate property valued at $150,000.00. The modular house is valued at $145,000.00. It is awarded to the Petitioner/Wife. The Respondent/Husband shall execute a Quit Claim Deed for his interest in the house in exchange for the Petitioner's issuance of a Promissory Note secured by a Deed of Trust. The transfer payment from the Petitioner/Wife to the Respondent is $900.00 per month until paid in full, within 34 months; or refinancing; or sale. At the end of 34 months, if the Petitioner/Wife has not paid in full, then it becomes due in full.

(Emphasis added).  This ordering language as to the property division is incomplete; it does not explain what "paid in full" constitutes.  Based on vague references in the report of proceedings from the trial, the "paid in full" language may refer to an amount the court determined Thomas was due based on his

contributions to the value of the Woodinville property, but the orders entered in December 2020 are otherwise silent on this issue and it would be improper for us to presume.

The record before us is lacking as we have no express characterization of the modular home, no valuation or characterization of the contributions of the parties to the Woodinville property during the marriage, or credits for those contributions. All of these are examples of facts critical to our consideration of whether the property distribution made by the court was supported by substantial evidence. The report of proceedings demonstrates that there were only a few oral findings made at trial which went to the modifications to the property, credits to the parties for their respective contributions to the property, and valuation, but they were cursory statements by the trial court which are not reflected by substantial evidence in the record before us. The trial court directed the parties to prepare the paperwork and submit additional documents and which suggests the judge may well have intended to supplement the record after reviewing the parties' submissions.

A trial court is to consider the factors in RCW 26.09.080 when dividing property pursuant to a dissolution. Those are (1) "The nature and extent of the community property," (2) "[t]he nature and extent of the separate property," (3) "[t]he duration of the marriage or domestic partnership," and (4) "[t]he economic circumstance of each spouse or domestic partner at the time the division of property is to become effective." RCW 26.09.080. RCW 26.09.080 also allows the court to weigh other relevant considerations, as no one single factor is

controlling. In re Marriage of Konzen, 103 Wn.2d 470, 477–78, 693 P.2d 97 (1985). The bare findings before us as to the division of the real property do not have sufficient support in the record, which similarly does not reflect that the trial court gave proper consideration to the factors outlined by RCW 26.09.080.

The dissolution decree and FFCL both reference "Exhibit A" in sections discussing community and separate property, as well as separate and community debt. However, in the record before us, the exhibit is not attached to either document. The record transmitted for appeal only contains an exhibit list from trial without the substantive documents. Based on the report of proceedings in 2020, it seems there may have been an issue with locating the original exhibits in the court file given the numbers of years which had passed since the actual trial. However, when engaging in substantial evidence review, we must be able to view and consider the evidence that was adduced at the trial; a mere exhibit list or summary of evidence contained in the clerk's minutes do not provide us with the details and actual evidence necessary to engage in proper appellate review. The exhibits submitted to the court here may have gone to the court's valuation of the debts and assets, which are essential in an appeal involving the distribution of those debts and assets. Based on the record before us, we cannot conclude that substantial evidence supports the division of property contained in the decree.

Accordingly, we reverse the decree of dissolution as to the characterization and division of assets and debt, and remand for the trial court to conduct an

evidentiary hearing, after which it will enter revised findings and conclusions reflecting its consideration of the appropriate statutory factors.[2]

III.     Spousal Maintenance

Thomas next challenges the award of spousal maintenance of $900 per month as unsupported by substantial evidence, particularly based on the fact that the maintenance order provides no end date for the obligation.  In light of the incomplete and non-specific oral findings after trial, we agree with Thomas that the trial court abused its discretion as to spousal maintenance.

An award of spousal maintenance is reviewed for abuse of discretion.  In re Marriage of Valente, 179 Wn. App. 817, 822, 320 P.3d 115 (2014).  "Maintenance not based on a fair consideration of the statutory factors constitutes an abuse of discretion."  In re Marriage of Anthony, 9 Wn. App. 2d 555, 564, 446 P.3d 635 (2019).  Maintenance is "a flexible tool by which the parties' standard of living may be equalized for an appropriate period of time."  In re Marriage of Washburn, 101 Wn.2d 168, 179, 677 P.2d 152 (1984).  RCW 29.09.090 provides a non-exhaustive list of relevant factors to be considered in the decision of granting a maintenance order.  "An award of maintenance that is not based upon a fair consideration of the statutory factors constitutes an abuse of discretion."  In re Marriage of Crosetto, 82 Wn. App. 545, 558, 918 P.2d 954 (1996).  "Permanent maintenance awards are generally disfavored."  Valente, 179 Wn. App. at 822.

---

[2] We acknowledge the passing of the judge who both heard the trial and entered the final orders in this matter, which necessarily requires an entirely new evidentiary hearing on these issues. On remand, the trial court is not bound by the prior judge's rulings.

Thomas properly points out that the oral findings the trial court made were insufficient to support such an award. RCW 26.09.090 provides a non-exhaustive list of relevant factors for consideration when awarding spousal maintenance, which includes: (1) the financial resources of the party seeking maintenance, (2) the time necessary to acquire sufficient education or training to enable party seeking maintenance to find employment, (3) the standard of living established during the marriage or domestic partnership, (4) the duration of the marriage or domestic partnership, (5) the age, physical and emotional condition, and financial obligations of the spouse or domestic partner seeking maintenance, and (6) the ability of the spouse or domestic partner from whom maintenance is sought to meet their needs and financial obligations while meeting those of the spouse or domestic partner seeking maintenance.

At most, the trial court found that Gaylene needed help with the mortgage as the court noted the payments were "approximately $1,300 a month." The oral findings indicated Gaylene earned approximately "$3,428 a month" at the time of trial. With regard to Thomas' financial circumstances, the court found "[w]hen working steadily he earns approximately $2,500," but "[j]ail has harmed his income stream, and he was in custody form January 7th to April 16th, 2016." These findings as to income, coupled with the estimates regarding property value and distribution, are in conflict with the trial court's award of what appears to be permanent maintenance.

The record suggests that the court attempted to make some sort of "wash" between the mortgage obligation on the Woodinville property and the amount of

equity awarded to each party, as the judge claimed to tie the maintenance award to the real property division. However, even the oral rulings, which appear to anticipate a finite period of time for payment of maintenance, do not clearly direct when the maintenance obligation terminates. The 2020 orders that were entered are completely silent as to the termination of maintenance, so a plausible reading is that the maintenance was ordered in perpetuity. Neither the oral or written findings engage with the factors in RCW 29.09.090 such that a disfavored award of permanent maintenance would be supported. Further, the spousal support order contained in the dissolution decree notes a start date of June 1, 2016, which would mean that Thomas owes $900 per month in back support from that date. This is despite the fact that the record suggests at least part of the reason for the delay of entry of final orders was due to the fact that the parties reconciled and resumed cohabitation shortly after the dissolution trial.

As explained above, we have no actual trial exhibits before us and the majority of evidence regarding any income, debts, and contributions to the value of the property that was distributed comes from Gaylene and Thomas' testimony, which they each admitted involved much speculation. We likewise are without any credibility findings from the judge regarding their testimony. Further, the sparse findings do not reflect that the trial court utilized the proper framework in evaluating the request for spousal maintenance under RCW 26.09.090. In light of such a bare record, particularly for an award of permanent spousal maintenance, the court's conclusions of law do not flow properly from its few findings of fact. Further,

the findings that were entered are not supported by substantial evidence. Accordingly, the award for maintenance here was error.

Reversed and remanded.

WE CONCUR: